Dominic PAOLILLO, Lucy Wadsworth and Robert F. Grady, Plaintiffs-Appellants,

v.

DRESSER INDUSTRIES, INC., Defendant-Appellee.

Nos. 650–652, Dockets 86–7705, 86–7817 and 86–7819.

United States Court of Appeals, Second Circuit.

Argued Jan. 8, 1987.

Decided March 10, 1987.

Decided on Rehearing June 16, 1987.

Dominic Paolillo, Spring Hill, Fla. (Robert F. Grady, East Hartford, Conn., Lucy Wadsworth, Wethersfield, Conn., appearing pro se), for plaintiffs-appellants.

Philip L. Steele, Hartford, Conn. (Rogin, Nassau, Caplan, Lassman & Hirtle, of counsel), for plaintiffs-appellants on Petition for Rehearing.

Edward M. Richters, Hartford, Conn. (Day, Berry & Howard, Albert Zakarian, of counsel), for defendant-appellee.

Alfred Miller, New York City (Miller, Singer, Raives & Brandes, P.C., Steven S. Honigman, Peter N. Greenwald, Steven Zaleznick, Christopher G. Mackaronis, Cathy Ventrell-Monsees, of counsel), for the American Association of Retired Persons, as amicus curiae, on Petition for Rehearing.

Robert M. Swetnick, Washington, D.C. (Mozer & Swetnick, of counsel), for the National Council of Senior Citizens, as amicus curiae, on Petition for Rehearing.

Fred A. Freund, New York City (Kaye, Scholer, Fierman, Hays & Handler, Jay W. Waks, William C. Zifchak, David E. Prager, of counsel), for the Chamber of Commerce and Industry, Inc., as amicus curiae, on Petition for Rehearing.

Robert E. Williams, Washington, D.C. (McGuiness & Williams, Douglas S. McDowell, Edward E. Potter, P.C., of counsel), for the Equal Employment Advisory Council, as amicus curiae, on Petition for Rehearing.

Charles A. Shanor, Gen. Counsel, Washington, D.C. (E.E.O.C., Lorraine C. Davis, Acting Associate Gen. Counsel, Dianna B. Johnston, of counsel), as amicus curiae, on Petition for Rehearing.

Before FEINBERG, Chief Judge, TIMBERS and PIERCE, Circuit Judges.

FEINBERG, Chief Judge:

The ultimate issue in this case is whether defendant-appellee Dresser Industries, Inc., through its Whitney Chain Division, violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (ADEA), by implementing an "elective termination program," pursuant to which plaintiffs-appellants Dominic Paolillo, Lucy Wadsworth and Robert Grady ended their employment with Whitney Chain. The issue before us is whether the United States District Court for the District of Connecticut, Peter C. Dorsey, J., erred in granting summary judgment to defendant (hereafter referred to as Whitney Chain), based on the court's determination that appellants had voluntarily left the employ of Whitney Chain. For reasons set forth below, we reverse and remand.[1]

---

1. On Whitney Chain's petition for rehearing, the opinion filed March 10, 1987 is withdrawn and this opinion is substituted therefor. The petition for rehearing is in other respects denied. Since the original opinion is withdrawn, the suggestion for rehearing in banc directed to that opinion shall be deemed moot. Upon the filing of this substituted opinion, however, the parties may again file a suggestion for rehearing in banc directed to this opinion, if they so desire.

## Background

In October 1982, in the midst of a significant business decline, Whitney Chain offered the elective termination program to all its employees aged 60 and over. Whitney Chain instituted the program as a means of reducing costs and offered severance pay and other benefits to employees who agreed to retire early. The program was first announced on Tuesday, October 12, 1982, at a meeting between James Fiorino, Whitney Chain's Operations Manager, and employees eligible for the program. The meeting was called on five minutes notice. Appellants Wadsworth and Grady attended this meeting. Appellant Paolillo was not at work that day and did not meet with Fiorino until the next day, at which time Paolillo apparently was given the same information that the other eligible employees had received.

At the October 12 meeting, Wadsworth and Grady were presented with a letter stating that Whitney Chain was instituting an overall cost reduction plan because of its economic problems and outlining the basic options available under the elective termination program. The letter stated that participation in the program was "totally voluntary" and emphasized to the employees that "you *must* return your election form ... by *October 18*," six days later. Whitney Chain concedes that important information about the program, such as the amount of medical insurance, retiree insurance and pension benefits, was not provided at the meeting. The letter stated that "meetings will be held to answer any questions and review pension options." Paolillo and Grady each met with company representatives on the afternoon of Friday, October 15, to discuss how the program would affect them individually and signed the election form on Monday, October 18, the final day for decision.

There is some question as to the sequence of events relating to Wadsworth. She said at her deposition that she did not have a meeting with any company representative during the week of October 11 to discuss the details of the program, and it is unclear whether she had any such meeting at all prior to accepting early retirement. She contends in her opening brief that she did not make her decision until the last day, October 18. Dresser contends that Wadsworth elected retirement on October 15. The election form signed by Wadsworth was dated October 15 and was stamped as received on October 18. Thus, from the time they were told the full details of the program, Paolillo and Grady had three days and Wadsworth, by her account, less than one day to decide whether to accept early retirement.

By accepting early retirement, Paolillo received severance pay of $608.88 per month for two years, Wadsworth $388.75 per month for two years and Grady a lump sum of $13,390. At the time, they were earning $29,226, $18,660 and $26,757 a year, respectively. Their retirements became effective on November 1, 1982. Paolillo had been employed by Whitney Chain for about 16 years, Wadsworth 15 years and Grady 31 years.

## Voluntary Retirement Under the ADEA

In ruling on summary judgment, the district court applied a modified version of the requirements for a prima facie case under Title VII set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). According to the court, appellants were required to show as part of the prima facie case that they had been discharged by Whitney Chain. The court noted that appellants "contend ... that they were coerced into accepting the option by the manner of presentation and circumstances under which it was made known to them, leaving them insufficient time within which to make their decision." The court rejected appellants' contention and concluded that, as a matter of law, appellants voluntarily accepted retirement and thus failed to show that they had been discharged. As a result of appellants' failure to establish a prima facie case, the court granted summary judgment to Whitney Chain.

The issue before us is whether the district court erred in granting summary judg-

ment based on its conclusion that, as a matter of law, appellants voluntarily accepted retirement, and were not coerced or pressured. In reaching this conclusion, the court relied on several factors: appellants did not request additional time to decide whether to take early retirement; they did not make known at that time that they felt great pressure from the deadline; and they each signed an acknowledgement stating that "I affirm that this choice has been freely made by me alone." The judge found from appellants' deposition testimony that their fears were actually based on their uncertain futures, which in turn was due to the uncertain economic prospects of Whitney Chain, and were not the result of any pressure exerted by Whitney Chain.

■ We note at the outset that accepting early retirement is a major decision with far-reaching impact on the lives of older workers and we emphasize that the decision must be voluntarily made. We believe that it is relevant to the determination of voluntariness whether the employees received sufficient time to make a decision. Because of the magnitude of the decision to accept early retirement, employees must be given a reasonable amount of time to reflect and to weigh their options in order to make a considered choice. The amount of time reasonably required, though, will vary depending on the circumstances of each case.

■ Appellants stated at their depositions that they felt pressured by the haste in which the plan was implemented and the lack of time they were given to come to a decision. Whitney Chain had originally allocated 14 days for employees to decide but the time was reduced because of administrative problems. Whitney Chain wanted decisions to be made by October 18 so that it would have almost two weeks before October 31 to assess the effect of the early retirement plan. October 31 was the last day of the fiscal year and Whitney Chain wanted to record losses resulting from the plan during that fiscal year. Appellants Wadsworth and Grady were first notified of the plan only six days, and Paolillo only five days, before the deadline for decision.

From the time they were fully informed of the details of the plan as it affected them, Grady and Paolillo had a weekend to decide whether to end their 31 years and 16 years, respectively, of employment with Whitney Chain and Wadsworth by her account had, at most, less than one day to decide whether to end her 15 years of service with Whitney Chain. The letter given to appellants announcing the plan emphasized the importance of the October 18 deadline by stating that appellants *"must"* submit their decisions by that date. Taken together, we believe that the shortness of time given to appellants to make a decision, the reason for the compressed time period, the length of service of appellants with Whitney Chain and the apparent complexity of the options open to them certainly raise a material issue as to whether appellants were given sufficient time to make a considered choice.

In light of the factors just described, we conclude that the district court erred in holding that appellants as a matter of law voluntarily accepted the early retirement plan. The court relied on appellants' failure to ask for additional time and to express their dissatisfaction with the short deadline, and their signature on a statement affirming that the choice to retire was freely made. On the other hand, Whitney Chain should have known that it had given appellants extremely little time to make a serious decision and therefore could have taken steps to ensure that appellants were not being pressured by the short deadline. In any event, while the factors mentioned by the district court are to be taken into account by the ultimate trier of fact, they were insufficient on this record to justify holding that appellants as a matter of law had retired voluntarily. It is true that some of appellants' deposition testimony suggests that the pressure they felt was caused by the uncertain future of Whitney Chain. But it is also true that appellants said that the method of implementation created additional pressure. This additional pressure may have forced appellants to make a decision that was not actually voluntary, a factor that the district judge did not properly consider. In short,

on a full record Whitney Chain may ultimately be successful on the issue of whether appellants in fact acted voluntarily, but that must be decided at trial when the trier of fact can make credibility determinations, not on a motion for summary judgment.

Reversed and remanded for further proceedings consistent with this opinion.