EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

AMERICAN EXPRESS PUBLISHING CORPORATION, Defendant.

No. 87 Civ. 2626(MEL).

United States District Court,
S.D. New York.

Jan. 13, 1989.

Anna Stathis, for E.E.O.C.

Henry P. Baer of Skadden, Arps, Slate, Meagher & Flom, New York City, for American Exp. Co.

LASKER, District Judge.

American Express Publishing Corporation ("American Express") moves for summary judgment in this action. Plaintiff Equal Employment Opportunity Commission ("EEOC") alleges that American Express violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, by discriminating against J. Stewart Lahey in terminating his employment. American Express's previous motion for summary judgment was denied because there were genuine issues of fact concerning whether Lahey knowingly and voluntarily released his ADEA claim by signing an agreement to release all claims against American Express in consideration for additional severance pay. *EEOC v. American Express Publishing Corp.*, 681 F.Supp. 216, 218 (S.D.N.Y.1988). The background relevant to the release signed by Lahey is described in that opinion and will not be reiterated. The parties have now completed discovery on all the facts pertinent to the release and American Express has renewed its motion.

### I. Standards For Evaluating the Validity of an ADEA Release

In a recent Third Circuit case, *Coventry v. U.S. Steel Corp.*, 856 F.2d 514 (3d Cir. 1988), the court discussed the standards for determining whether a release of ADEA claims is valid because it has been knowingly and voluntarily signed:

> [T]he inquiry into the validity of a release of discrimination claims does not end with the evaluation that would be applied to determine the validity of a contract. In light of the strong policy concerns to eradicate discrimination in employment, a review of the totality of the circumstances, considerate of the particular individual who has executed the release, is also necessary. Careful evaluation of the release form itself, and of the complete circumstances in which it was executed, is necessary to assure that the goals of the ADEA are preserved.

*Id.* at 522–23 (citations omitted). The *Coventry* court found helpful the approach in the prior decision in this case, in which this court discussed six factors in evaluating the validity of Lahey's release:

> 1) the plaintiff's education and business experience, 2) the amount of time the plaintiff had possession of or access to the agreement before signing it; 3) the role of plaintiff in deciding the terms of the agreement; 4) the clarity of the agreement; 5) whether the plaintiff was represented by or consulted with an attorney, 6) whether the consideration given in exchange for the waiver exceeds employment benefits to which the employee was already entitled by contract or law.

*Id.* at 523 (quoting *EEOC v. American Express Publishing Corp.*, 681 F.Supp. at 219). This court previously held that the first and fourth factors listed above weighed in favor of dismissing the EEOC's claim: Lahey had a college degree and years of business experience and the release was not ambiguous. *EEOC v. American Express Publishing Corp.*, 681 F.Supp. at 219–20. However, the remaining four factors are now still at issue after full discovery and are briefly discussed below.

### II. The Factual Issues

American Express argues that, because ten days before he signed his release Lahey consulted with an attorney regarding a similar release signed by another former American Express employee, Jeffrey Dene, Lahey in fact possessed the critical terms of his release for at least ten days, a sufficient length of time for him to make a knowing and voluntary decision to sign. However, Lahey only possessed his own release for three days before he signed it. Moreover, although Lahey testified that he consulted with an attorney ten days before signing his release, he asserted that he had no idea at the time of this consultation that he was going to be terminated or offered a similar release.[1] Moreover, there is a genuine dispute as to the similarity between Dene's release and Lahey's. Lahey only had possession and access to his release for three days before signing it; such a short

---

1. Deposition of J. Stewart Lahey, at 37 (April 14, 1988).

period of time may not have been a sufficient time for Lahey to make a knowing and voluntary decision to sign the release. *See Paolillo v. Dresser Industries, Inc.,* 821 F.2d 81, 83–84 (2d Cir.1987) (material issue as to whether three days was enough time for an older worker to voluntarily make an important decision regarding retirement).

American Express contends that Lahey freely negotiated with American Express over three terms of the release during the three days prior to his signing: 1) a $10,000 advance payment of commissions; 2) use of an office and secretarial help after his termination; and 3) two additional weeks of severance pay in addition to the ten weeks of pay which American Express offered. The EEOC asserts that Lahey was merely handed a form and told in effect to take it or leave it; he was not given the opportunity to modify the terms of the release, and that American Express thus did not bargain in good faith. Moreover, the EEOC contends that American Express representatives gave Lahey inaccurate information about his entitlements. Thus, there are material factual disputes regarding the degree to which Lahey freely negotiated the terms of his release.

Furthermore, the amount of the consideration which Lahey actually received and what he believed he had received can only satisfactorily be resolved at trial. American Express argues that, because the EEOC admits that Lahey received two weeks additional severance pay in exchange for the general release, Lahey received adequate consideration because any consideration is sufficient. The company asserts that merely because other individuals in other cases received more consideration, this court should not try to define what constitutes reasonable consideration. In support American Express cites *DiMartino v. City of Hartford,* 636 F.Supp. 1241, 1249–50 (D.Conn.1986), in which the court held that a general release barred an ADEA claim and that adequate consideration supported the release because plaintiff had received a concession from the employer. The court stated that: "Adequacy of consideration turns not on whether a party

received as much as he might have had he litigated the dispute and won, 'but, rather, whether he received something of value to which he was not already unquestionably entitled.'" *Id.* at 1250. But in *DiMartino* the discussion of consideration related to a common law challenge to a settlement agreement, *Id.* at 1249; the case is not controlling here. Finally, although Lahey consulted with an attorney during the time that he was deciding whether to sign the release, the consultation was brief and by telephone. Nor did the attorney did negotiate with American Express on Lahey's behalf.

While American Express argues persuasively that a number of the factors discussed above indicate that Lahey may have knowingly and intelligently waived his ADEA claim, there remain genuine factual disputes on these material questions. These include the length of time that Lahey actually had possession of the relevant terms of his release; whether Lahey negotiated with American Express over the terms of the release; the extent of the consideration that Lahey received; and whether Lahey understood what he was receiving in exchange for signing the release. Since these issues can only be resolved at trial, the Defendant's motion for summary judgment is denied.

It is so ordered.