The STATE of Tennessee on relation of the SHELBY COUNTY ELECTION COMMISSION, Plaintiff-Appellant,

v.

SHELBY COUNTY BOARD OF COMMISSIONERS; William Morris, Jr., Mayor of Shelby County, Tennessee; and Donald R. Patterson, Comptroller of Shelby County, Tennessee, Defendants-Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

Feb. 23, 1983.

Application for Permission to Appeal Denied by Supreme Court June 27, 1983.

Dan M. Norwood, John D. Richardson, Memphis, for plaintiff-appellant.

J. Minor Tait, Jr., Memphis, for defendants-appellees.

CRAWFORD, Judge.

This is an appeal by the Shelby County Election Commission to recover attorneys' fees in connection with a suit for declaratory judgment and a writ of mandamus to compel the Shelby County Board of Commissioners to store the Election Commission's voting machines. The trial court denied the writ of mandamus but entered a declaratory judgment that the county must fulfill its ministerial duty to store the machines by the time the current lease expired on May 1, 1981. The trial court also denied the Election Commission's motion for attorneys' fees pursuant to Tenn.Code Ann. § 2–12–101 (Cum.Supp.1982), on the ground that the suit was premature. We affirm.

The well-established rule in this state is that there is no right to have attorneys' fees paid by an opposing party in civil litigation in the absence of a contract, statute or recognized equitable ground. *State ex rel. Orr v. Thomas,* 585 S.W.2d 606, 607 (Tenn.1979). The Election Commission has made no claim or argument that it is contractually or equitably entitled to an award of attorneys' fees. The Election Commission's claim for attorneys' fees is based sole-

ly upon a statute which reads in pertinent part: "... If in order to properly discharge its duties the county election commission has to bring legal action against a county or municipality, the compensation for the commission's legal representation shall be borne by the county or municipality as the case may be." Tenn.Code Ann. § 2–12–101 (Cum.Supp.1982). The question to be determined is whether this mandamus and declaratory judgment action was one that the Election Commission "[had] to bring ... in order to properly discharge its duties." If so, then the county must bear the legal expense.

The Election Commission filed its Petition for Writ of Mandamus and Declaratory Judgment on April 10, 1981, to compel the Board of Commissioners to provide adequate and economically feasible storage for the county's 1,200 voting machines. The lease on the premises where the machines were then being stored was to expire on April 30, 1981. The lease contained an option to renew, but the county had not exercised this option within 60 days of expiration as required by the lease. Nevertheless, when the petition was filed the lease was still in effect, and, thus, the county was still fulfilling its duty to store the machines.

The Election Commission argues that the Board of Commissioners was attempting to force the Election Commission to change the method of voting in Shelby County from machines to punch cards, but the record discloses no evidence that the county would refuse to carry out its duty to store the machines in the future, despite certain individual County Commissioner's expressed displeasure with machine voting. The county was fulfilling its duty to provide storage for the machines, and the Election Commission made no showing that the county would not meet its obligation to do so in the future. Therefore, the trial court was correct in refusing to issue the writ of mandamus and in denying an award of attorneys' fees to the Election Commission, because the suit was premature. This case was not ripe for judicial consideration, and it was not one that the Election Commission

"[had] to bring ... in order to properly discharge its duty." As a result, the payment of attorneys' fees was not mandated by the statute. It follows that the Election Commission is not entitled to attorneys' fees in this appeal.

We note that appellant has presented the purported issue of: "Whether a trial court commits error when it makes a de novo review of the decision-making process of a county election commission and substitutes its judgment for the judgment of that commission?" Appellant brought the suit and asked for attorneys' fees because it allegedly "[had] to bring legal action." Appellant's contention that the trial court was acting as a review court is totally without merit and obviously completely inconsistent with its position on attorneys' fees under the statute. The court was not reviewing a decision of an administrative body as contemplated by Tenn.Code Ann. § 4–5–322 (Cum.Supp.1982). On the contrary, it was trying a lawsuit filed in the first instance in that court with the issue being whether the suit was a legal action which had to be brought in order for the Election Commission to properly discharge its duties.

We should also mention that while the suit originated, in part, as a suit for a writ of mandamus, the denial of the writ is not involved in this appeal. Therefore, we feel that the court has jurisdiction of the case. See Tenn.Code Ann. § 16–4–108 (1980).

The judgment of the trial court is affirmed, and the case is dismissed. Costs of the appeal are adjudged against the appellant, the Shelby County Election Commission.

NEARN, P.J. (W.S.), and HIGHERS, J., concur.