Rayford Kenneth GOLMAN,
Plaintiff-Appellant,

Pioneer Fishing & Rental Tools, Inc. and
North River Insurance Company,
Intervenors-Appellants,

v.

TESORO DRILLING CORPORATION, et
al., Defendants-Appellees.

No. 81–3683
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 17, 1983.

Abadie, Cooper & Harang, John J. Cooper, New Orleans, La., for plaintiff-appellant.

Kurt S. Blankenship, New Orleans, La., for intervenors-appellants.

Adams & Reese, James E. Blazek, Mark J. Spansel, New Orleans, La., for Tesoro Drilling.

Wm. S. Marshall, Jr., New Orleans, La., for B & W Inc.

Before REAVLEY, RANDALL and JOL-LY, Circuit Judges.

PER CURIAM:

The plaintiff, Rayford Kenneth Golman, invoked the diversity jurisdiction of the federal district court, seeking damages from two co-defendants. At trial, the court granted one defendant's motion for summary judgment and dismissed the party from the action, ruling that there were no material facts which placed its liability in issue. Thereafter the remaining defendant asserted, *inter alia,* a defense based upon the dismissed party's negligence. The jury returned a verdict in favor of the defendant, and Golman moved for a new trial. The motion was denied, and Golman appeals. Finding no error, we affirm.

I. FACTS.

On May 22, 1979, Rayford Kenneth Golman was injured when struck on the head by a "hydraulic tong" affixed to a land-based drilling rig near Mobile, Alabama. He sustained immediate injuries to his face and head. The blow also aggravated his preexisting condition of spinal arthritis.

At the time of the accident, Golman was operating one of two hydraulic tongs used in an operation known as "running a dual string of pipe." A hydraulic tong operates much as a power wrench; it screws together long sections of pipe which are carefully lowered into an oil well's deep hole. To prevent the pipe from twisting out of place and sliding deeply into the hole, the length of pipe is anchored by a "power slip" which rests on the rig floor. Thus the power slip assists the hydraulic tongs in joining together the lengths of pipe, while simultaneously preventing the pipe from plummeting downward into the well.

Golman's accident occurred when the sections of pipe he had been wrenching together suddenly fell through the power slips. The tong, suspended from the rig by a cable, was yanked downward by the slipping pipe, striking Golman an abrupt blow to the head and face.

Golman sued in federal district court, seeking damages from Tesoro Drilling Co. (Tesoro), the rig's operator, as well as from B & W, Inc. (B & W), the lessor of the power slips. Relying on Louisiana law, Golman based recovery from each defendant on the separate theories of negligence and strict liability. B & W impleaded Exchange Oil and Gas Co. (Exchange), the party which had contracted with Tesoro and B & W for the drilling operation. Golman's employer, Pioneer Fishing & Rental Tools, Inc. (Pioneer), intervened to recoup worker's compensation benefits paid to Golman. Tesoro's cross-claim against B & W was disallowed.

Several months before trial, B & W moved for summary judgment. The motion was denied; discovery continued and the case proceeded to trial. In his opening statement at trial, however, counsel for Golman suggested that B & W was not in any way responsible for the accident:

Now, what caused this accident. We claim that the accident was caused by these slips being defective. Do I mean defective like come from the factory defective? No, I don't mean that. Do I mean because B & W, the people that own the slips, did something wrong to the slips? No, I don't mean that. * * * It is our contention that at the time of the accident, the slips were unreasonably dangerous because they . . . had caked up with rust and paraffin and were not cleaned as often as they should have been nor were they cleaned properly. What I mean properly will be explained to you by the witnesses.

We have sued Tesoro Drilling Company and also B & W because I don't know what others will attempt to tell you about what B & W did or shouldn't have done. We included B & W in our suit even though we think Tesoro is responsible. We know Tesoro is responsible. We brought them in for any possible involvement on B & W's part. That is only fair to Mr. Golman.

But, I have got to tell you that after conducting preliminary discovery and taking deposition and finding out about this case, I have no evidence that implicates B & W directly. There will be a lot of maybe and could be and all of that nonsense. But, what this lawsuit is about is what the driller and the drilling crew did, the Tesoro people, for which Tesoro is responsible. I am not trying to point the finger at the driller, but I know what he should have done and what his employer let him do and we sued Tesoro as a responsible party.

Counsel for Tesoro, however, opened by stressing that there were in fact three parties defendant: Exchange, the owner of the well; B & W, the owner of the power slips; and Tesoro, the drilling company. Although counsel admitted that B & W's power slips had not been defectively manufactured, he specifically mentioned that B & W had provided an employee who was to act as a round-the-clock "trouble shooter." The issue of liability, as stated by counsel, required an inquiry into "who is really responsible for what at what particular time." Thus Tesoro's opening statements indicated that the company would defend on the grounds that Golman was contributorily negligent and, alternatively, that liability lay with either the co-defendant or the impleaded party.

At the close of all opening statements, counsel for B & W moved for summary judgment, stating that Golman had indicated that he had no evidence implicating B & W directly and that Tesoro had admitted "that there was nothing wrong with the slips." Golman offered only feeble opposition to the motion:

I know of no evidence to implicate B & W, Incorporated. My concern is that we don't know what the evidence is going to be, and it may be that some witness or other called by one of the parties may put some responsibility on B & W, Inc. that I don't see. I think that counsel is eminently correct in what he says. I don't know if that goes far enough to make out a summary judgment. At any rate, I make no opposition on any evidentiary matters I know of that would tend to hold B & W in. * * * I don't want the plaintiff to be out of Court if someone else establishes evidence that I am not aware of, the responsibility on the part of B & W, perhaps not its equipment, but its man that was on the site.

Counsel for Tesoro offered no reason to deny the motion; however, he expressly indicated his intention to establish a defense to liability based on the negligence of a third party. The court granted the motion, dismissing B & W from the suit. Upon the dismissal of B & W's impleader action against Exchange, the litigation effectively involved only two parties.

At trial, Tesoro adduced testimony establishing that B & W's "trouble shooter" had been present during drilling operations and that he may have failed to notice that debris was accumulating on the slip faces. In his closing argument, counsel contended that the accident had been caused by Golman's own negligence or by the negligence of non-parties, including B & W. Over Golman's objection, the judge instructed the jury that one defense to Tesoro's liability would be the intervening fault of non-parties B & W and Exchange. The jury returned a verdict in favor of Tesoro. In response to special interrogatories, the jury found that Tesoro had not been negligent, that Tesoro had been the legal custodian of B & W's power slips, and that the slips had not been defective. Golman moved for a new trial, arguing that the court erred in allowing Tesoro to submit to the jury the issue of B & W's fault. The motion was denied. Golman appeals.

II. DISCUSSION.

■ It is well established that a trial court's order denying a motion for new trial may be reversed on appeal only upon a clear showing that the court abused its discretion. *Meyers v. Moody*, 693 F.2d 1196, 1120–21 (5th Cir.1982); *Brown v. Arlen Mgmt. Co.*, 663 F.2d 575, 582 (5th Cir.1981); *Jonas v. City of Atlanta*, 647 F.2d 580, 586 (5th Cir.1981). Golman asserts that the district judge abused his discretion by incon-

sistently granting summary judgment in B & W's favor and thereafter allowing Tesoro to rely on B & W's fault as a defense to liability. He avers that the judge's rulings created serious confusion in the minds of the jurors, thus denying the parties a fair trial.

Significantly, Golman does not contend that B & W's motion for summary judgment was improperly granted. As the parties do not allege that the court erred in granting B & W's eleventh-hour motion, we shall not review the propriety of that order. Rather, we focus on Golman's argument that the court erred (1) by charging the jury that they could find that B & W's negligence had caused the accident, and (2) by allowing Tesoro to argue B & W's fault as a defense to liability. Golman's five enumerated contentions [1] ultimately advance twin theories of relief: first, that Tesoro's admission that B & W had not been at fault estops it from asserting a defense based on B & W's fault; and second, that the trial judge violated the "law of the case" when he allowed Tesoro to argue B & W's fault in the face of a binding summary judgment.

### A. Equitable Estoppel.

■ As to Golman's equitable estoppel argument, it should be noted that Tesoro's attempt to focus on allegations of B & W's negligence as a defense to Golman's claims is facially proper. *Loescher v. Parr*, 324 So.2d 441, 445–46 (La.1975); *see Olsen v. Shell Oil Co.*, 365 So.2d 1285, 1293–94 (La. 1979). As an essential premise to his estoppel argument, Golman asserts that counsel for Tesoro acted in derogation of Federal Rule of Civil Procedure 56(d) by failing adequately to apprise the court that he intended to rely upon B & W's fault as a defense. In entertaining B & W's motion for summary judgment, the trial judge interrogated counsel in an attempt to ascertain what material facts placed B & W's liability in issue. A review of the trial

transcript, however, reveals that Tesoro at no time indicated an intention to abandon the defense:

TESORO: Your Honor, I don't know of anything, any defect in B & W's slips and for that reason, I would be hardpressed to say, as I said in the opening statement, to change that in the trial testimony.

The only thing I did indicate is that they were not owned and I think I had an obligation to tell the jury that they were not owned by us and that they had a man standing by.

THE COURT: The man who was standing by was an employee of B & W but he was not on the scene at the time?

TESORO: To my understanding, I don't believe that he was, but I can't candidly tell the Court that, but other than that, those were the only points that I would have. Again, I don't think that brings it down—

THE COURT: Do you have a theory you plan to advance as to how the accident happened or are you merely saying that my client is not responsible and we don't know how it happened, is that what you are saying?

TESORO: No, I am saying that Mr. Golman caused it by not timely checking the slips. But, I do not believe that B & W supplied a defective set of slips. I think all of us would agree to that.

So, I think your Honor's ruling is correct. * * * I think in fairness and justice, ... I have to say that items that I indicated that I have to make to the jury I would have to make whether they [the dismissed parties] are here or not. * * * [B]ut I don't want to mislead the Court. I do have and will have to continue to make points that I did make. I think it is only fair to my client.

The dismissal of B & W from the suit resulted directly from Golman's admitted inability to produce evidence of B & W's

1. In addition, Golman argues that the trial court erred in refusing to grant a motion for a directed verdict urged by Golman on behalf of B & W. This contention patently is frivolous and does not merit discussion. Fed.R.Civ.Pro. 50(a). *See Boeing v. Shipman,* 411 F.2d 365, 374–75 (5th Cir.1969).

liability. "The doctrine of estoppel is for the protection of innocent persons, and only the innocent may invoke it. A party may not invoke an estoppel for the purpose of shielding himself from the results of his own fraud, dereliction of duty, or other inequitable conduct." *Meyers v. Moody,* 693 F.2d 1196, 1208 (5th Cir.1982). *See also Mitchell v. Aetna,* 579 F.2d 342, 347–48 (5th Cir.1978). It would be inequitable, if not illogical, to hold that Golman's inability to produce evidence should redound to his benefit by estopping Tesoro from relying upon a legally valid defense. Therefore, Golman's first argument is without merit.

### B. The Law of the Case.

Golman's second argument is that the district court's order granting summary judgment established the "law of the case" which was thereafter violated when the issue of B & W's fault was presented to the jury. A trial court is not inexorably bound to the precedent it establishes in the course of a trial. The Federal Rules of Civil Procedure expressly provide that all trial orders are "subject to revision at any time before the entry of [final] judgment." Fed. R.Civ.Pro. 54(b). Summary judgment is no exception. An order granting partial summary judgment is interlocutory; it has no res judicata or collateral estoppel effect. *Travelers Indemnity Co. v. Erickson's, Inc.,* 396 F.2d 134, 136 (5th Cir.1968). "While a ruling on the motion for partial summary judgment is the law of the case on the issue decided, this issue is not immutable and has no res judicata effect." *U.S. v. Horton,* 622 F.2d 144, 148 (5th Cir.1980); *see White v. Murtha,* 377 F.2d 428, 431–32 (5th Cir.1967). *But see In re Falstaff Brewing Co. Antitrust Litigation,* 441 F.Supp. 62, 66 (E.D.Mo. 1977) (holding that an order granting partial summary judgment in a still-pending case "is, in the sense requisite for raising an estoppel, a final judgment on the merits.") In this instance the trial court's order merely established that Golman had not met his burden of producing evidence sufficient to place in issue material facts relative to B & W's fault. It was not intended to foreclose Tesoro's right to propound an argument

firmly rooted in Louisiana jurisprudence. Therefore, Golman's second argument is without merit.

Golman has not established any trial error requiring the granting of a new trial. Accordingly, the judgment of the district court is AFFIRMED.