**Dax Phillips McCRACKEN, Plaintiff,**

v.

**U.S. FIRE INSURANCE CO., Defendant.**

**Civ. No. A91 CA 29.**

United States District Court,
W.D. Texas,
Austin Division.

June 4, 1992.

**32**

Broadus Autry Spivey, Spivey, Grigg, Kelly & Knisely, Austin, Tex., for plaintiff.

Michael G. Mullen, Patricia Kay Andrews, Brown, Maroney, Rose, Barber & Dye, Austin, Tex., for defendant.

## ORDER

SPARKS, District Judge.

BE IT REMEMBERED on May 29, 1992, came on to be heard and considered the Defendant U.S. Fire Insurance Co.'s Mo-tion for Summary Judgment in the above-styled and numbered cause. Having reviewed the complete file and relevant case law, the Court is of the opinion that the Motion for Summary Judgment should be granted.

### Background

#### A. This Lawsuit

Plaintiff Dax McCracken ("McCracken") brought this suit against Defendant U.S. Fire Insurance Company ("U.S. Fire") as a result of a tragic boating accident, which resulted in the death of a friend of McCracken's (Doug Swafford) and which resulted in a dispute between U.S. Fire and McCracken concerning coverage of McCracken under his stepfather's (Ivan Williams, Jr.) umbrella insurance policy with U.S. Fire. The suit, originally filed in the 167th Judicial District Court of Travis County, Texas, was removed to this Court on January 10, 1991, and assigned to this judge on January 16, 1992.

In summary, McCracken claims U.S. Fire misrepresented the extent of the umbrella policy's coverage to Ivan Williams ("Williams"); refused to defend McCracken; refused to settle the suit brought against McCracken by the Swaffords; refused to indemnify McCracken for any judgment in excess of the underlying insurance company's (State Farm) policy; and sought a declaratory judgment on the issue of coverage. This conduct, according to McCracken, amounts to "bad faith" under Texas law, a breach of William's insurance contract with U.S. Fire, a violation of Article 21.21 of the Texas Insurance Code and a violation of the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA").

As a consequence of U.S. Fire's conduct, McCracken claims he has suffered actual damages by having to pay attorney fees to protect his and Williams' interests and has suffered emotional distress and mental suffering. He also maintains that he is entitled to recover treble damages under the DTPA and the Texas Insurance Code, and costs and attorney fees incurred defending the declaratory judgment action and prose-

cuting the present lawsuit. Finally, McCracken seeks exemplary damages as a result of U.S. Fire's alleged intentional, willful, and grossly negligent conduct.

### B. *Events Giving Rise to this Lawsuit*

McCracken's stepfather, Williams, purchased a "Texas Personal Liability Umbrella" insurance policy (Policy No. 535 69–04–82 3) from Robert Bryant, a local recording agent for U.S. Fire. Amongst other things, the policy provided excess coverage for watercraft liability, explicitly covered Williams' power boat up to a limit of $100,-000.00, and covered the period from February 1, 1988, to February 1, 1989. As defined by the policy, an "insured" person includes

(a) the named insured;

(b) any relative if a resident in the same household as the named insured;

(c) any other person under the age of 21 *in the care of* any insured; and

(d) any person or organization but only with respect to legal responsibility for acts or omissions of a person included in subparagraph (a), (b) or (c) above.

U.S. Fire Insurance Policy No. 535 69–04–32 3, Definitions, para. 2. In contrast, the definition of an "insured" in the underlying watercraft insurance policy issued by State Farm provided coverage to any person using the power boat owned by Williams with his permission.

On June 20, 1988, McCracken was driving the power boat owned by Williams, with his permission, when Douglas Swafford, who had been skiing behind the boat, fell and was killed when the boat ran over him. As evidenced by documents submitted by McCracken's attorney Paul E. Knisely, U.S. Fire was notified of the accident on June 22, 1988, and remained in contact with State Farm Insurance Co. (Williams' primary insurance carrier), and to a lesser degree Williams, throughout the pendency of the Swaffords' lawsuit against McCracken and Williams.

In August, 1988, State Farm notified U.S. Fire that Doug Swafford's parents had retained counsel to represent them in a wrongful death action against McCracken and Williams. In a December 2, 1988, letter State Farm offered to tender its entire policy limits of $100,000 in an effort to settle. The Swaffords were willing to accept the $100,000 as satisfaction of State Farm's obligation but would not agree to release McCracken or Williams. State Farm, in return, stated that it had a duty to defend Williams and McCracken and could not tender the $100,000 without obtaining a release of liability for McCracken and Williams. On January 6, 1989, State Farm informed U.S. Fire of its offer and asked if U.S. Fire would be willing to make an offer in order to conclude a settlement and release of liability against McCracken and Williams.

On January 27, 1989, the Swaffords' attorney offered to settle with State Farm and U.S. Fire for $1,000,000 if the offer were accepted in thirty days. In a February 7, 1989 letter, Williams, also a lawyer, demanded that U.S. Fire tender its policy limits in order to settle the Swaffords' claims and said that he would "take every legal step possible to enforce [his] rights" against U.S. Fire in the event that the claims were not settled within the time limit specified by the Swaffords' attorney.

In a letter dated February 10, 1989, Sharon Hendryx, a U.S. Fire claims representative, notified Williams that his umbrella policy "*may* not provide coverages [sic] for the actions of Dax Phillip McCracken because of the definition of Insured contained in [Williams'] policy. . . ." (emphasis added). The letter further stated that U.S. Fire reserved its rights to institute an action to determine the rights of Williams, McCracken, and U.S. Fire. This was the first time that U.S. Fire indicated to McCracken or Williams that U.S. Fire might contest coverage for McCracken.

On February 15, 1989, the Swaffords filed a wrongful death and "Survival Statute" lawsuit ("the Swafford lawsuit") against McCracken and Williams in the 98th Judicial District Court of Travis County, Texas.

On February 20, 1989, U.S. Fire's attorney Mike Mullen took a sworn statement from Williams concerning his relationship

with his stepson McCracken and the potential coverage problem. In a letter dated February 23, 1989, Ms. Hendryx notified McCracken that he might not be covered by Williams' umbrella insurance policy and stated that U.S. Fire reserved the right to deny coverage to McCracken under the policy.

Also on February 23, 1989, State Farm notified Ms. Hendryx of U.S. Fire that it was tendering an additional $100,000 toward settlement of the Swafford lawsuit under a homeowner's insurance policy of McCracken's natural father.

On February 25, 1989, Mike Mullen took a sworn statement from McCracken concerning his relationship with his stepfather.

In a February 28, 1989, letter from Ms. Hendryx to the Swaffords' attorney, U.S. Fire offered $50,000 in addition to the $200,000 tendered by State Farm toward settlement of the Swaffords' claims, stated that "we may not have coverage for Dax Phillips McCracken," and stated that U.S. Fire was in the process of filing a declaratory judgment suit concerning such coverage. The Swaffords' attorney rejected U.S. Fire's offer of $50,000, renewed the earlier offer to settle for $1,000,000 and extended the deadline for accepting that offer to March 10, 1989.

On March 6, 1989, U.S. Fire filed a declaratory judgment suit against McCracken, Williams, and Mr. and Mrs. Swafford (Civil Action No. A–89–CA–216) in this Court alleging that Dax McCracken was not an "insured" under the umbrella policy in question.

On May 17, 1989, McCracken was served with citation in the Swaffords' wrongful death suit.

On October 17, 1989, Judge Smith signed a partial summary judgment for U.S. Fire, holding that: (1) Dax McCracken was not a "relative" of Dax McCracken under the umbrella policy, (2) U.S. Fire did not "ratify" coverage of Dax McCracken under its umbrella policy; and (3) the policy was not subject to "reformation" by virtue of mutual mistake of the parties. In his order Judge Smith further stated that "[t]he Texas courts have yet to address the precise

insurance issues in dispute in this case.... Both parties also present reasonable interpretations of the key terms of the definition of 'insured.' "

On November 1, 1989, after a trial on the merits, Judge Smith issued findings of fact and conclusions of law in which he found that while the definition of "insured" and "in the care of" were ambiguous, Dax McCracken was an "insured" under the umbrella policy because ambiguities must be resolved in a way which favors the insured and permits recovery. Specifically, Judge Smith found, as a fact, Dax McCracken was a "person under the age of 21 in the care of" Williams, the named insured under the U.S. Fire policy. A final judgment declaring that Dax McCracken "is entitled to coverage under United States Fire Insurance Company's Policy No. 535 69–04–82–3" was signed on November 30, 1989.

Finally, on February 22, 1990, the Swaffords agreed to a settlement for $550,000, $350,000 of which would be paid by U.S. Fire. On March 3, 1990, all claims by the Swaffords against Dax McCracken and Williams were released, and the suit was dismissed on March 16, 1990.

*Analysis*

A summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c), *quoted in Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Where, as here, the defendant moves for a summary judgment, he or she need only show that the evidence which does exist does not "present[ ] a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Once the movant has met his or her burden of showing that the existing evidence does not present a bona

fide question of fact, the nonmovant must "go beyond the pleadings and by h[is] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate *specific* facts showing that there is a *genuine* issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (emphasis added).

In this case, U.S. Fire has met its burden and Dax McCracken has not.

### A. *Misrepresentation*

■ McCracken has not raised a genuine issue of fact concerning misrepresentation of the extent of coverage under Williams' U.S. Fire umbrella insurance policy. While it is true misrepresentation of the extent of coverage of an insurance policy is actionable under the DTPA, Article 21.21, and Texas common law, the plaintiff must still allege specific facts supporting the existence of such a misrepresentation in order to avoid summary judgment. *See Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *see generally* Tex.Bus. & Com.Code § 17.50, § 17.46; Tex.Ins.Code Art. 21.21; *Royal Globe Ins. Co. v. Bar Consultants*, 577 S.W.2d 688 (Tex.1979).

In its summary judgment brief, U.S. Fire stated that "[n]o one from U.S. Fire, nor anyone on its behalf, ever represented to Ivan Williams or to Dax McCracken that coverage existed for Dax McCracken. This is not disputed." In support, U.S. Fire referred to trial testimony by Robert Bryant, the agent who sold Williams his U.S. Fire policy, that at the time he sold the policy to Williams he did not recall being aware of Dax McCracken's existence, nor did he have reason to consider whether or not McCracken would be covered by the policy.[1] *See* Trial Testimony of Robert Bryant, p. 93, Exhibit J, Stipulation Concerning Documents.

In response, the only evidence offered by McCracken that such misrepresentations had occurred was a statement by Williams in his affidavit that "[he] believed, and [he] was led to believe that Mr. Bryant understood, that the new U.S. Fire umbrella policy was to cover the same persons and provided the same amount of coverage as the previous umbrella policy with CNA, which had expressly covered Dax or anyone else who operated [his] boat with [his] permission." This statement is nothing more than an opinion and legal conclusion by Williams, which provides no facts whatsoever from which a reasonable juror could find Mr. Bryant had actually misrepresented the extent of coverage under Williams' U.S. Fire policy. *See Reese v. Anderson*, 926 F.2d 494, 499 (5th Cir.1991); *Hanchey v. Energas Co.*, 925 F.2d 96, 97 (5th Cir. 1990).

McCracken was made aware of this deficiency twice by U.S. Fire: first in U.S. Fire's original summary judgment brief and again in its reply to McCracken's response. McCracken had ample opportunity to find and produce factual evidence on the issue. This Court has no choice but to issue a summary judgment on the issue of misrepresentation.

### B. *Refusal to Defend and Refusal to Settle*

■ As a matter of law, U.S. Fire is entitled to summary judgment on the issues of refusal to defend McCracken in the Swafford lawsuit and refusal to settle the Swafford lawsuit. Williams's U.S. Fire insurance policy, No. 535 69–04–82 3, states, in pertinent part, that U.S. Fire "shall not be called upon to assume charge of the *settlement or defense* of any claim made or proceeding instituted against the insured." Policy Conditions, para. 2 (emphasis added). Nor shall this policy "apply to investigation

---

1. As for the alleged post-accident representations made by U.S. Fire representatives concerning coverage of McCracken, as a matter of law the Court finds that those representations are not actionable as they could not have contributed to any alleged harm suffered by McCracken or Williams. McCracken and Williams would have been in no better position if those alleged post-accident representations had not been made as there would still have existed a dispute over coverage. Under the facts of this case, only pre-accident misrepresentations, which might have kept Williams from obtaining other excess insurance coverage, could have harmed McCracken or Williams. *See Texas Cookie Co. v. Hendricks & Peralta*, 747 S.W.2d 873, 880 (Tex.App.—Corpus Christi 1988, writ denied); *Royal Globe*, 577 S.W.2d at 694.

or legal expenses for which insurance is provided by underlying insurance." *Id.* para. 7. U.S. Fire clearly had no contractual obligation to defend McCracken or assume charge of the settlement in the Swafford lawsuit. McCracken even concedes the lack of a contractual duty to defend. Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, at 14.

Nor did McCracken challenge the statement by John Mueller, a representative of U.S. Fire, that neither Williams nor McCracken ever requested that U.S. Fire provide a defense to Williams or McCracken in the Swafford lawsuit. There being no contractual duty to defend, or even an alleged request to defend, no cause of action for refusal to defend can exist. U.S. Fire is entitled to judgment as a matter of law. Furthermore, the Court finds it noteworthy, at least, that Williams testified that he and McCracken were fully and satisfactorily represented by lawyers retained by State Farm, the underlying insurance company, in the Swafford lawsuit. *See* Trial Testimony of Ivan Williams, pp. 70–71, Exhibit J, Stipulation Concerning Documents.

■ As for the refusal to settle claim, the Swaffords' suit against McCracken and Williams was settled for $550,000 on February 22, 1990 and the case was dismissed on March 16, 1990. McCracken's real complaint here has to do with the time it took to reach a settlement. That complaint is more properly considered as a part of his complaint with U.S. Fire for seeking a declaratory judgment and disputing coverage of McCracken since that is the only alleged cause of the delay in settlement. McCracken has, as a matter of law, no actionable claim for a refusal to settle.

### C. *Declaratory Judgment Action*

■ McCracken's claims concerning U.S. Fire's challenge of coverage of McCracken: (1) that U.S. Fire wrongfully denied that the U.S. Fire umbrella insurance policy covered McCracken; (2) that U.S. Fire wrongfully asserted that it would refuse to indemnify McCracken for any judgment in

excess of the underlying primary coverage provided by State Farm; (3) that U.S. Fire wrongfully sought a declaratory judgment concerning the issue of coverage of McCracken; and (4) that U.S. Fire negligently investigated the facts surrounding the Plaintiff's boating accident and the relationship between McCracken and Williams, causing it to delay settlement and dispute coverage, all of which allegedly amounted to "bad faith", also fail as a matter of law and may not go to a jury.

All of the above claims may be generally classified as a claim for a breach of the duty of good faith and fair dealing owed by an insurance company to the insured. *See Beaumont Rice Mill v. Mid–American Indem. Ins. Co.,* 948 F.2d 950, 952 (5th Cir. 1991); *Auto Ins. Co. of Hartford v. Davila,* 805 S.W.2d 897, 903–04 (Tex.App.—Corpus Christi 1991, writ denied). Assuming that an insurance company providing excess coverage by way of an umbrella insurance policy owes its insureds a duty of good faith and fair dealing, McCracken has still failed to raise a genuine issue of fact as to a breach of that duty.

■ In order to establish a breach of the duty of good faith and fair dealing a plaintiff must demonstrate "(1) the absence of a reasonable basis for denying or delaying of payment of policy benefits and (2) that the insurer knew or should have known that there was no reasonable basis for denying the claim or delaying payment." *Auto Ins. Co. of Hartford,* 805 S.W.2d at 904. An insurance carrier may "deny an invalid or questionable claim without becoming subject to liability for bad faith denial of the claim." *Beaumont,* 948 F.2d at 952. Given Judge Smith's October 17, 1991, Order and his November 1, 1989, Findings of Fact and Conclusions of Law, this Court finds that no reasonable juror could conclude that U.S. Fire denied the claim or delayed payment without any reasonable basis.

In one of his findings of fact, Judge Smith stated that the terms "insured" and "in the care of" in the umbrella policy were "reasonably susceptible to more than one meaning." Moreover, in his earlier order

granting a partial summary judgment for U.S. Fire, Judge Smith noted that the question of coverage of a stepchild in such a policy was an issue which had not yet been considered by a Texas court and that both parties presented reasonable interpretations of the key terms of the definition of "insured." While this Court recognizes that it is not bound by the findings in the summary judgment order, the finding that the terms "insured" and "in the care of" were "reasonably susceptible to more than one meaning" in the Findings of Fact and Conclusions of Law does preclude the issue of reasonableness in this action. *Cf. Golman v. Tesoro Drilling Corp.*, 700 F.2d 249, 253 (5th Cir.1983) (order granting partial summary judgment is interlocutory and has no *res judicata* or collateral estoppel effect). There is no question that U.S. Fire raised bona fide legal and factual issues in the declaratory judgment action.

Given that the question of whether or not McCracken was an "insured" under William's U.S. Fire policy was reasonable, U.S. Fire could have denied the claim without becoming liable. *See Beaumont*, 948 F.2d at 952. Instead, U.S. Fire sought a declaratory judgment confirming its contention that McCracken was not covered *before* it denied coverage. The fact that U.S. Fire took statements from McCracken and Williams several days after it sent them letters reserving the right to deny coverage and informing them that McCracken might not be covered is irrelevant. Having not yet denied coverage, U.S. Fire could not have been guilty of failing to properly investigate before denying coverage. Bringing a declaratory judgment action to determine whether coverage should be denied or not was in and of itself evidence of U.S. Fire's good faith and unwillingness to deny coverage without thoroughly investigating and considering the matter.

As a matter of law, McCracken has presented no facts which could allow a reasonable juror to conclude that U.S. Fire was liable for breaching a duty of good faith and fair dealing to McCracken or Williams.

## D. Attorneys' Fees

■■ Although technically the issue of attorneys' fees need not be reached because McCracken has failed to raise any material fact issues concerning wrongful conduct on the part of U.S. Fire, the Court nonetheless finds that McCracken is also not entitled to attorneys' fees as a matter of law.

McCracken seems to believe that because Judge Smith dismissed without prejudice paragraph IX of his counterclaim in the declaratory judgment action, in which Williams and McCracken requested attorneys' fees, he should now be permitted to collect attorneys' fees incurred defending the declaratory judgment action. In paragraph IX, Williams and McCracken basically asserted the same claims raised in this case and claimed the right to collect attorneys' fees, presumably because of the alleged violations of the DTPA and Article 21.21 of the Texas Insurance Code. *See* First Amended Counterclaim of Defendants Dax Phillips McCracken and Ivan Williams, Jr. in Civil Action A–89–CA–216, Exhibit I, para. IX. In the very next paragraph, McCracken and Williams further claim the right to recover attorneys' fees under the provisions of the Declaratory Judgments Act, 28 U.S.C. § 2201. *See id.*, para. X.

Thus, in their counterclaim McCracken and Williams claimed the right to collect attorneys' fees based on two entirely different grounds: one based on the DTPA and Insurance Code provisions allowing the recovery of attorneys' fees when a plaintiff prevails in his or her DTPA or Insurance Code action and one based on the Declaratory Judgments Act. *See* Tex.Bus. & Com. Code § 17.50(d); Tex.Ins.Code Art. 21.21, § 16(b)(1). When Judge Smith entered his judgment in the declaratory judgment action declaring that McCracken was covered under Williams' U.S. Fire insurance policy, he also stated that "[a]ll other relief requested by any party is DENIED [and] [c]osts are adjudged against the Plaintiff." The request for attorneys' fees under the Declaratory Judgments Act in paragraph X of the counterclaim was thus denied.

Furthermore, Local Rule CV 7(j) of the United States District Court for the Western District of Texas requires all post-judgment motions for an award of attorney's fees to be filed on or before twenty days after the entry of judgment. Local rules explicitly stating time limitations for attorneys' fees requests may be enforced. *Zaklama v. Mount Sinai Medical Center*, 906 F.2d 645, 647–49 (11th Cir.1990); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990) (district courts have considerable latitude in applying their own rules). McCracken and Williams could have reasserted their request for attorneys' fees within twenty days of the judgment in the declaratory judgment action and failed to do so. As such, this Court finds that they waived their entitlement to fees incurred defending that action. *See* Local Court Rules of the United States District Court for the Western District of Texas, Rule CV 7(j)(4).

As for the request for attorneys' fees in paragraph IX, which was dismissed without prejudice to refiling, those fees are denied as a matter of law since McCracken has not prevailed in the current lawsuit as required under the DTPA and Article 21.21 of the Texas Insurance Code. *See* Tex. Bus. & Com.Code § 17.50(d); Tex.Ins.Code Art. 21.21, § 16(b)(1).

■ Even if McCracken had raised material issues of fact concerning some of his claims in this suit, he could not have collected attorneys' fees which were incurred in the previous declaratory judgment action. Absent statutory authority to the contrary, each litigant must generally bear his or her own attorneys' fees. *Baja Energy, Inc. v. Ball*, 669 S.W.2d 836, 839 (Tex. App.—Eastland 1984, no writ); *Royal Indem. Co. v. Kenny Const. Co.*, 528 F.2d 184, 190–91 (7th Cir.1975) (citing *Aleyska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)), *cert. denied sub nom. City of Chicago v. Kenny Constr. Co.*, 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976). Nonetheless, a court may also, based upon equitable principles, allow recovery for attorneys' fees when a party has been forced to defend or prosecute a previous suit with a third-party as a result of the defendant's wrongful conduct. *Baja*, 669 S.W.2d at 838–39.

■ In a case such as this, however, there is no equitable reason to allow recovery of attorneys' fees incurred in the earlier suit. The earlier declaratory judgment suit involved the same parties and was based upon the federal Declaratory Judgments Act, 21 U.S.C. § 2201. Although the Declaratory Judgments Act does not specifically allow recovery of attorneys' fees, state law governs in a diversity suit, and Texas law allows recovery of attorney's fees by the prevailing party in a declaratory judgment action. *See McLeod*, 894 F.2d at 1487 (in a diversity case Texas law governs the award of attorneys' fees); *Royal Indem.*, 528 F.2d at 190 (in a declaratory judgment action based upon diversity, liability for attorneys' fees hinges on state law); Tex.Civ.Prac. & Rem.Code § 37.009; *Texstar N. Amer. v. Ladd Petroleum*, 809 S.W.2d 672, 679 (Tex.App.—Corpus Christi 1991, writ denied) (denial of attorneys' fees in a declaratory judgment action lies within the sound discretion of the trial court). Williams and McCracken had ample opportunity to pursue the collection of attorneys' fees in the declaratory judgment action.

Because Judge Smith denied "all other relief" in the declaratory judgment action, and because Williams and McCracken failed to reassert their request for attorneys' fees in a timely post-judgment motion, this Court could not have equitably granted recovery of attorneys' fees incurred in the defense of the declaratory judgment action even if McCracken had been successful in this action.

### Conclusion

Dax McCracken failed to raise any material issues of fact and as such U.S. Fire Insurance Company is entitled to judgment in its favor as a matter of law. Thus, the Court enters the following order:

IT IS ORDERED that United States Fire Insurance Company's Motion for Summary Judgment is GRANTED IN FULL.