ACCEPTANCE INSURANCE COMPANY

v.

BHUGRA ENTERPRISES, INC., D/B/A Ramada Inn, Bhugra Enterprises, Inc., Ramada Franchise Systems, Inc., Hospitality Franchise Systems, Inc., HFS Grants, Inc. and Teresa Walters.

Civ. A. No. 395CV2816–BD.

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 8, 1996.

*MEMORANDUM OPINION AND*
*FINAL JUDGMENT*

KAPLAN, United States Magistrate
Judge.

This declaratory judgment action involves the interpretation of a "physical and sexual abuse" exclusion in a commercial general liability policy.

Acceptance Insurance Company issued such a policy to Bhugra Enterprises d/b/a Ramada Inn and four additional insureds. The policy provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage...." Acceptance is required to defend any suit seeking those damages. However, the insurance policy excludes coverage for physical and sexual abuse. This endorsement reads as follows:

> It is agreed that no coverage shall apply to any claim, demand and/or cause of action arising out of and/or resulting from physical abuse, sexual abuse or licentious, immoral or sexual behavior whether caused by or at the instigation of, or omission by, you, your employees, or any other person.

On May 15, 1994, Teresa Walters was allegedly raped while staying at a Ramada Inn located at 1102 Texas Street in Lewisville, Texas. She sued the defendants in this case, including Hospitality Franchise Systems, Inc. and Ramada Franchise Systems, Inc. for negligence, gross negligence, and violations of the Texas Deceptive Trade Practices Act. Walters' lawsuit remains pending in the 14th Judicial District Court of Dallas County, Texas. Defendants tendered their defense to Acceptance in accordance with the policy. Acceptance provided a defense in the state court action subject to a reservation of rights. Acceptance now seeks a declaratory judgment that no coverage exists under the policy for the claims arising out of the alleged rape of Teresa Walters.

This case is before the Court on plaintiff's motion for summary judgment. The summary judgment standard is well-known need not be repeated. It is important, however, to recognize that the burden of proof in a summary judgment proceeding depends on the

George T. Jackson, Bush, Burck & Lapidus, P.C., Houston, TX, for plaintiff.

George S. McCall, Irving, TX, for defendant.

burden of proof that would apply at trial. Under Texas law, the insured has the burden of proving that a claim is covered by an insurance policy. However, the burden is on the insurer to prove that such claim is precluded by a contract exclusion. The court will examine the summary judgment evidence in light of these standards.

▮ There is no dispute that Teresa Walters seeks damages for bodily injury allegedly caused by an occurrence within the policy period. Therefore, the claim is covered unless excluded by a specific policy provision. Acceptance contends that the "physical and sexual abuse" endorsement is such an exclusion. The broad language of this exclusion covers virtually any claim arising out of a physical abuse or sexual abuse, regardless of the theory of recovery alleged. Several courts have so held. *IPCI Limited v. Old Republic Insurance Co.*, 758 F.Supp. 478 (E.D.Wis.1991), *Old Republic Insurance Co. v. Comprehensive Health Care Associates, Inc.*, 2 F.3d 105 (5th Cir.1993); *United National Insurance Co. v. Waterfront New York Realty Corp.*, 994 F.2d 105 (2d Cir.1993).

Defendants suggest that the exclusion is ambiguous and does not necessarily apply to the claims asserted by Teresa Walters in her lawsuit. Specifically, the defendants argue that the "physical and sexual abuse" endorsement does not exclude coverage for negligence claims involving the failure to provide adequate security or adequate lighting, or for violations of the Texas Deceptive Trade Practices Act. Defendants rely on the deposition testimony of Janice Weis, a corporate representative for Acceptance, and Teresa Walters. Notably absent from their summary judgment response is any case authority to support their narrow interpretation of this exclusion.

▮ The argument advanced by the defendants fails for several reasons. First, it is the court—not the litigants—who must decide whether the physical and sexual abuse exclusion is ambiguous. Weis did testify in her deposition that, under certain circumstances, the endorsement "may or may not" exclude coverage for a claim based on the negligent failure to provide adequate security or adequate lighting and violations of the

DTPA. However, this legal opinion is not competent summary judgment evidence. Numerous courts, including the Fifth Circuit, have held that policy exclusions virtually identical to the one involved in this case are unambiguous. This Court declines to hold otherwise based on inconclusive answers to rather broad questions propounded by defense counsel.

Second, the plain language of the physical and sexual abuse endorsement excludes coverage for *any claims arising out of or resulting from sexual abuse.* The critical inquiry in this coverage determination is whether the theories asserted in the state court action are related to and interdependent with the excluded claims. The court must focus on the factual allegations that show the origin of damages rather than the legal theories alleged. In this case, any claim based on the failure to provide adequate security or adequate lighting and violations of the DTPA are "inextricably intertwined" with the alleged rape of Teresa Walters. But for this unfortunate incident, Walters would have no claims against the defendants. The Court concludes that the physical and sexual abuse endorsement precludes all of these claims from coverage under the policy.

For these reasons, plaintiff's motion for summary judgment is granted. The Court now enters a declaratory judgment in favor of plaintiff as follows:

1. No coverage exists under the commercial general liability policy issued by Acceptance Insurance Company to the defendants, Policy No. CL-27-13-54, arising out of the incident that occurred on May 15, 1994, and made the basis of a lawsuit filed by Teresa Walters against the defendants in the 14th Judicial District Court of Dallas County, Texas.

2. Acceptance Insurance Company has no duty to defend or indemnify the defendants in connection with the claims alleged in the state court action.

▮ In addition, Acceptance filed an application for attorney's fees and costs as the prevailing party in this declaratory judgment action. Plaintiff seeks $13,854.75 in attor-

ney's fees, $4,809.28 in litigation-related expenses, and $1,265.00 in taxable court costs. The fee application is supported by an affidavit from George T. Jackson and 28 pages of billing records detailing the time spent, services performed, and costs incurred in connection with this case. Defendants Hospitality Franchise Systems, Inc. and Ramada Franchise Systems, Inc. ("Ramada Defendants") have filed a written response in opposition to the motion but did not submit any controverting evidence.[1] Plaintiff has filed a reply brief and this matter is now ripe for determination.

■ The federal declaratory judgment statute does not specifically provide for the recovery of attorney's fees or expenses. 28 U.S.C. § 2201; *McCracken v. United States Fire Insurance Co.*, 802 F.Supp. 30, 38 (W.D.Tex.1992). Rather, state law controls where federal jurisdiction is founded on diversity of citizenship. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1487 (5th Cir.1990); *McCracken*, 802 F.Supp. at 38. Section 37.009 of the Texas Civil Practice and Remedies Code provides that "the Court *may* award costs and reasonable and necessary attorney's fees as are equitable and just" to the prevailing party in a declaratory judgment action. TEX. CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986) (emphasis added). The decision to either grant or deny attorney's fees is subject to review for abuse of discretion. *See Texstar North America v. Ladd Petroleum*, 809 S.W.2d 672, 679 (Tex.App.—Corpus Christi 1991, writ denied).

The Ramada defendants do not contest the amount of fees and expenses incurred in the successful prosecution of this lawsuit. Instead, they contend that it would be "neither just nor equitable" to assess these costs against them. These defendants point out that they were not named insureds under the original policy. They remained uninformed about their status until discovery in this case revealed that they were included as additional insureds under a subsequent endorsement.

Defendants relied on the original insured, Bhugra Enterprises, to develop the facts surrounding this coverage dispute. However, Bhugra defaulted and the Ramada defendants were required to defend this action without access to any of the insurance documents. Defendants maintain that it would be unfair to tax fees and costs against them under these circumstances. Alternatively, the Ramada defendants urge that all defendants should bear a proportionate share of attorney's fees and expenses.

These arguments are not persuasive. Plaintiff was forced to file a declaratory judgment action because the Ramada defendants tendered a defense and made a demand for coverage in a lawsuit brought by Teresa Walters. Defendants never seriously questioned their status as insureds under the policy. Rather, the issue in this case was whether a standard "physical and sexual abuse" endorsement excludes coverage for negligence claims involving the failure to provide adequate security or adequate lighting, or for violations of the Texas Deceptive Trade Practices Act. Defendants argued that it does not. The Court held otherwise. It is true that Bhugra Enterprises might have been able to clarify the events which gave rise to this coverage dispute had it participated in the proceedings. However, Bhugra never entered an appearance and the parties were required to develop the facts through formal discovery. Plaintiff incurred reasonable and necessary attorney's fees and costs in prosecuting this declaratory judgment action. The fees and costs should be taxed against the defendants, jointly and severally.

The Court finds that plaintiff is entitled to recover attorney's fees in the amount of $13,854.75 and $1,265.00 in taxable court costs. These fees and costs are taxed against Defendants Bhugra Enterprises, Inc. d/b/a Ramada Inn, Ramada Franchise Systems, Inc., and Hospitality Franchise Systems, Inc., jointly and severally. The request for

---

1. Defendant Teresa Walters has also objected to the fee application submitted by the plaintiff. Walters was a nominal party to this declaratory judgment action because she initiated the state court proceedings. However, Walters is not a named insured under the policy and did not actively participate in this litigation. The Court declines to assess attorney's fees or court costs against her.

$4,809.28 in expenses is denied. These items consist mainly of delivery charges, postage, telephone and facsimile costs, and in-house photocopy charges. They are general office overhead expenses which are neither authorized under the statute nor taxable as court costs.

This Court orders and holds that Hospitality Franchise Systems, Inc., Ramada Franchise Systems, Inc., and Bhugra Enterprises, Inc. d/b/a Ramada Inn are jointly and severally liable to Acceptance Insurance Company for $13,854.75 in attorney's fees and $1,265.00 in taxable court costs, for which execution shall issue from this Court unless the total amount is timely paid.