## IN THE COURT OF APPEALS OF TENNESSEE,
## AT NASHVILLE

_____

**F L E D**

**January 14, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

|                                       |   |                                      |
|---------------------------------------|---|--------------------------------------|
| **SARA EVELYN EVANS (YOUNG)**,        | ) | Davidson County Circuit Court        |
|                                       | ) | No. 90D-936                          |
| Plaintiff/Appellee,                   | ) |                                      |
|                                       | ) |                                      |
| VS.                                   | ) | C.A. No. 01A01-9711-CV-00638         |
|                                       | ) |                                      |
| **BOBBY HUGH YOUNG**,                 | ) |                                      |
|                                       | ) |                                      |
| Defendant,                            | ) |                                      |
|                                       | ) |                                      |
| **D. K. HAILEY WRECKING**             | ) |                                      |
| **COMPANY, INC. and LEVY**            | ) |                                      |
| **INDUSTRIAL CONTRACTORS, INC.**,     | ) |                                      |
|                                       | ) |                                      |
| Intervenors/Appellants.               | ) |                                      |
|                                       | ) |                                      |

_____

From the Circuit Court of Davidson County at Nashville.
**Honorable Muriel Robinson, Judge**

**Donald L. Scholes**,
BRANSTETTER, KILGORE, STRANCH & JENNINGS, Nashville, Tennessee
Attorney for Intervenors/Appellants.

**Irwin Venick**,
DOBBINS & VENICK, Nashville, Tennessee
Attorney for Plaintiff/Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**KOCH, J.**: (Concurs)

Intervenors D. K. Hailey Wrecking Company (Hailey Wrecking) and Levy Industrial Contractors, Inc. (Levy Industrial) appeal an order of the trial court requiring them to pay the attorney fees of Plaintiff Sara Evelyn Evans incurred in a proceeding to enforce a judgment obtained by Ms. Evans against Bobby Hugh Young. For the reasons stated below, we affirm the ruling of the trial court.

Mr. Young is the president of Levy Wrecking Company (Levy Wrecking), a demolition contractor. Levy Wrecking entered into a contract with the Metropolitan Development and Housing Agency (MDHA) to provide demolition work in connection with the construction of the Nashville Arena (Nashville Arena project). Levy Wrecking then subcontracted the entire job to Hailey Wrecking, a demolition contractor, and Levy Industrial, an asbestos removal contractor. Levy Industrial is owned and operated by Kellye Bradley, Mr. Young's daughter. Formerly, Levy Wrecking and Levy Industrial shared office space. Currently, however, Levy Industrial is located in a separate building owned by Levy Wrecking. Levy Industrial pays rent to Levy Wrecking for its use of this building. Although Levy Wrecking and Levy Industrial do not share employees, Ms. Bradley has on some occasions signed documents on behalf of Levy Wrecking at the request of Mr. Young when Mr. Young was not available to sign the documents himself.

On November 17, 1994, the trial court entered an order imposing a $125,895.00 lien in favor of Ms. Evans against the after expense net proceeds to be received by Levy Wrecking in connection with its participation in the Nashville Arena project. On March 18, 1996, MDHA tendered to the trial court $37,837.19, the amount that MDHA owed to Levy Wrecking for work performed on the Nashville Arena project. Ms. Evans filed a motion on March 21, 1996 requesting that these funds be released to her. On April 18, 1996, Hailey Wrecking and Levy Industrial filed a complaint, seeking to intervene and claiming that they were entitled to a portion of the proceeds deposited with the court by MDHA. On August 21, 1997, the trial court entered an order dismissing the intervention complaint, directing that the $37,837.19 deposited with the court by MDHA be paid to Ms. Evans, and granting to Ms. Evans a judgment against Hailey Wrecking and Levy Industrial in the amount of $6,934.58, the amount of Ms. Evans' attorney fees. Hailey Wrecking and Levy Industrial then filed a motion requesting that the trial court amend the portion of its ruling regarding attorney fees. The trial court denied the motion to amend, finding that Hailey Wrecking and Levy

Industrial had conspired with Mr. Young in his efforts to avoid payment of his obligations to Ms. Evans.[1]  This appeal followed.

The sole issue on appeal is whether, under the law of Tennessee, the trial court had authority to order Hailey Wrecking and Levy Industrial to pay Ms. Evans' attorney fees.  Because this is a question of law, our review of the trial court's ruling is *de novo* with no presumption of correctness.  T.R.A.P. 13(d).

The Tennessee Supreme Court has recently reaffirmed this state's adherence to the American rule which states that, absent the existence of a statute or an agreement between the parties providing otherwise, each party must bear his or her own litigation expenses, including attorney fees.  *See John Koel & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998).  The Tennessee courts have traditionally recognized an exception to this rule, however, when there are recognized grounds of equity authorizing a court to require a party to pay an opposing party's attorney fees.  *Kimbrough v. Union Planters Nat'l Bank*, 764 S.W.2d 203, 205 (Tenn. 1989); *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336, 338 (Tenn. 1985); *State v. Thomas*, 585 S.W.2d 606, 607 (Tenn. 1979); *Ezell v. Graves*, 807 S.W.2d 700, 703 (Tenn. App.  1990); *Owen v. Stanley*, 739 S.W.2d 782, 788 (Tenn. App. 1987), *overruled in part on other grounds by Matlock v. Simpson*, 902 S.W.2d 384, 386 (Tenn. 1995); *State v. Shelby County Bd. of Comm'rs*, 656 S.W.2d 9, 9 (Tenn. App. 1983);  *Hannewald v. Fairfield Communities, Inc.*, 651 S.W.2d 222, 231 (Tenn. App. 1983)(Franks, J., concurring).  In the present case, Hailey Wrecking and Levy Industrial argue that the trial court was not authorized by contract, statute, or recognized ground of equity to order them to pay Ms. Evans' attorney fees.  Ms. Evans concedes that Hailey Wrecking and Levy Industrial are not contractually obligated to pay her attorney fees.  She contends, however, that the ruling of the trial court is supported by both statutory and equitable grounds.

We first examine whether the trial court had statutory authority for ordering Hailey Wrecking and Levy Industrial to pay Ms. Evans' attorney fees.  Hailey Wrecking and Levy Industrial attempt to classify Ms. Evans' action as one to recover alimony owed to her by Mr.

---

[1]The record is silent regarding why the trial court did not also order Mr. Young, as a co-conspirator, to pay the attorney fees of Ms. Evans.

Young.  The Tennessee statute regarding enforcement of alimony awards provides in pertinent part as follows:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code Ann. § 36-5-103(c) (Supp. 1998).  Hailey Wrecking and Levy Industrial note that this provision allows the court to award attorney fees against a defendant spouse.  Accordingly, they argue that the statute does not authorize the court to award attorney fees against an intervening party that is not a defendant spouse.  We agree.  We find, however, that Ms. Evans' action was not one to recover alimony but instead was an action to enforce her marital property award.  The trial court's order imposing a lien on the proceeds from the Nashville Arena project specifically provides that Mr. Young owed to Ms. Evans an amount representing "an equitable division of the [parties'] marital estate."  Thus, because Ms. Evans has not attempted to enforce any alimony obligation owed to her by Mr. Young, we find that section 36-5-103 is inapplicable to the case at bar.

The rule with respect to costs of divorce actions provides that "[t]he court may decree costs against either party, and may award execution for the same, or, in case any estate is sequestered, or in the power of the court, or in the hands of a receiver, it may order the costs to be paid out of such property." Tenn. Code Ann. § 36-4-122 (1996).  For purposes of this provision, the term "costs" also includes attorney fees. ***See, e.g., Fox v. Fox***, 657 S.W.2d 747, 749 (Tenn. 1983).  Section 36-4-122 allows the trial court to award costs of a divorce action against either party.  Ms. Evans contends that, because Hailey Wrecking and Levy Industrial are parties to her action to enforce her marital property award, the trial court had authority under this provision to require these parties to pay her attorney fees.  We disagree.  Section 36-4-122 uses the phrase "either party," suggesting that costs may be assessed against either the husband or the wife.  Given this language, it is doubtful that the drafters of section 36-4-122 intended for this provision to apply to third party

intervenors such as Hailey Wrecking and Levy Industrial.

We thus find that the trial court did not have statutory authority to assess attorney fees against Hailey Wrecking and Levy Industrial under either section 36-4-122 or section 36-5-103 of the Tennessee Code Annotated.

We next consider whether the trial court's ruling may be justified under recognized grounds of equity. In its order denying the motion to amend, the trial court specifically found that Hailey Wrecking and Levy Industrial conspired with Mr. Young to frustrate Ms. Evans' efforts to collect her judgment against Mr. Young. Hailey Wrecking and Levy Industrial do not challenge this finding on appeal. Rather, they contend that the existence of a conspiracy does not create legal grounds for awarding attorney fees against a third party intervenor. In support of this position, Hailey Wrecking and Levy Industrial cite the unreported case of *Kiihnl v. Kiihnl*, No. 02A01-9111-CV-00286, 1992 WL 357188 (Tenn. App. Dec. 4, 1992). *Kiihnl* involved a child custody dispute in connection with a divorce. *See id.* at *1. The paternal grandparents of the children filed a third party intervention complaint seeking court ordered visitation. *See id.* The trial court denied visitation and ordered the grandparents to pay the attorney fees incurred by the mother in defending against their intervention complaint. *See id.* at *3. We reversed the award of attorney fees, noting that the grandparent visitation statute did not authorize such an award and implicitly finding that the award was not supported by recognized grounds of equity. *See id.* at *6. The sole similarity between *Kiihnl* and the instant case is that they both involve an award of attorney fees rendered against a third party intervenor. Unlike the grandparents in *Kiihnl*, the right of Hailey Wrecking and Levy Industrial to recover under their intervention complaint is not governed by statute. Additionally, the mother in *Kiihnl* contended that she was entitled to attorney fees as a matter of equity because she defended the complaint on behalf of the children. *See id.* at *5. In the present case, however, the asserted equitable ground involves the existence of a conspiracy to prevent Ms. Evans from collecting payments owed to her by Mr. Young.

A number of jurisdictions, including Tennessee, have recognized the "tort of another doctrine" which allows a party to recover attorney fees when he or she has been forced into litigation with a third party as the result of the defendant's wrongful or tortious conduct. *See McCracken v.*

*U.S. Fire Ins. Co.*, 802 F.Supp. 30, 38 (W.D. Tex. 1992); *Matter of Milwaukee Cheese Co.*, 128 B.R. 538, 543 (Bankr. E.D. Wis. 1991); *In re Russell v. Burnham, Klinefelter, Halsey, Jones & Cater, P.C.*, 674 So. 2d 1287, 1290 (Ala. 1995); *Collins v. First Fin. Servs., Inc.*, 815 P.2d 411, 413 (Ariz. Ct. App. 1991); *Golden W. Baseball Co. v. Talley*, 284 Cal. Rptr. 53, 58 (Cal. Ct. App. 1991); *Stevens v. Moore and Co. Realtor*, 874 P.2d 495, 496 (Colo. Ct. App. 1994); *Matter of Estate of Dyniewicz*, 648 N.E.2d 1076, 1085 (Ill. App. Ct. 1995); *Hess Constr. Co. v. Board of Educ.*, 669 A.2d 1352, 1354 (Md. 1996); *In re Thomas Estate v. Manufacturers Nat'l Bank*, 536 N.W.2d 579, 583 (Mich. Ct. App. 1995); *Jugan v. Friedman*, 646 A.2d 1112, 1120 (N.J. Super. Ct. App. Div. 1994); *S & D Mechanical Contractors, Inc. v. Enting Water Conditioning Sys., Inc.*, 593 N.E.2d 354, 363 (Ohio Ct. App. 1991); *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336, 340 (Tenn. 1985); *Winkelman v. Beloit Memorial Hosp.*, 483 N.W.2d 211, 217 (Wis. 1992). In *Jugan v. Friedman*, 646 A.2d 1112 (N.J. Super. Ct. App. Div. 1994), a New Jersey court applied the "tort of another doctrine" to facts similar to those of the case at bar. Jugan obtained a monetary judgment against Friedman in a medical malpractice action. *Id*. at 1113. In an effort to prevent Jugan from collecting his judgment, Friedman conveyed all of his assets to his wife and adult sons. *Id*. at 1114. The court found that Friedman's fraudulent conduct constituted an independent tort entitling Jugan to recover litigation expenses, including attorney fees, incurred in a lawsuit brought against Friedman's wife and children. *Id*. at 1120. The court made no finding regarding whether Jugan could also recover tort damages against Friedman's wife and children as co-conspirators. *Id*. at 1121.

We recognize that, in the instant case, the tortious conduct of Hailey Wrecking and Levy Industrial did not cause Ms. Evans to engage in litigation with a third party. Thus, the "tort of another doctrine" is not directly applicable. We find, however, that the equitable principles underlying this doctrine are nevertheless relevant considerations in the case at bar. Hailey Wrecking and Levy Industrial conspired with Mr. Young to hinder or prevent the collection of Ms. Evans' judgment. As a direct result of this conspiracy, Ms. Evans incurred almost seven thousand dollars in costs and attorney fees. We find that, under such circumstances, it is appropriate to require Hailey Wrecking and Levy Industrial to pay these expenses.

Based on the foregoing, we conclude that the entering into a conspiracy constituted

a recognized ground of equity for requiring Hailey Wrecking and Levy Industrial to pay the attorney fees incurred by Ms. Evans in enforcing her judgment against Mr. Young. The ruling of the trial court is thus affirmed. Costs on appeal are charged to Hailey Wrecking and Levy Industrial, for which execution may issue if necessary.

 

 

_____
FARMER, J.

 

_____
CRAWFORD, P.J., W.S. (Concurs)

 

_____
KOCH, J. (Concurs)