Louise HANCHEY, Plaintiff–Appellant,

v.

ENERGAS COMPANY,
Defendant–Appellee.

No. 90–4012

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1990.

Edward J. Fonti, Jones, Tete, Nolen, Hanchey, Swift & Spears, Lake Charles, La., for plaintiff-appellant.

Steven W. Cook, Gist, Methvin, Hughs & Munsterman, Alexandria, La., John V. Jansonius, Hershell L. Barnes, Jr., Jill J. Weinberg, Haynes & Boone, Dallas, Tex., for defendant-appellee.

Before GEE, SMITH and WIENER, Circuit Judges.

PER CURIAM:

Most of the subsidiary facts of this age discrimination case are undisputed. Louise Hanchey was employed by Energas Company [1] as a marketing specialist in Pineville,

1. After this lawsuit was filed, Energas changed its name to Atmos Energy Corporation. For convenience, this memorandum will refer to the defendant as Energas.

Louisiana. Energas took economizing measures. As one method of cutting costs, Energas decided to offer an early retirement program (ERP). Members of Energas's management team, including Bobby Capps, Energas's Director of Marketing, were instructed to identify jobs that could be eliminated. In early 1987, after being informed that her job would be eliminated, Hanchey signed up for the ERP. At that time, she was 57 years old.

Hanchey's former position was not filled; employees from Energas's office in Lafayette, Louisiana, drove to Pineville one or two days per week to perform the duties that Hanchey had been doing. A job held by another marketing specialist, Glenn Laughlin, was also eliminated. Laughlin was 38 years old and was not eligible for the ERP. During the first two months of 1987, Energas eliminated eleven positions in central Louisiana; seven of these positions were occupied by employees under age 40.

In federal district court, Hanchey filed a suit seeking relief under the Age Discrimination in Employment Act (ADEA) and the Employee Retirement Income Security Act (ERISA). Energas moved for summary judgment, and Hanchey filed an opposition. The district court granted Energas's motion and dismissed the cause. Hanchey filed a motion in the district court calling into question the correctness of the judgment. Since the motion was served less than ten days after entry of the district court's judgment, we treat it as a motion under Fed.R.Civ.P. 59(e). *Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 668–70 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). The district court denied that motion. Hanchey then filed a timely notice of appeal stating that she was appealing the district court's denial of her Rule 59(e) motion and a timely amended notice of appeal clarifying that she was also challenging the underlying determination on the merits. Hanchey does not challenge the dismissal of her ERISA claim.

*Analysis*

■ As summary judgment movant, the defendant had the burden of showing the absence of a genuine issue of material fact. *Harbor Ins. Co. v. Trammell Crow Co.,* 854 F.2d 94, 98 (5th Cir.1988), *cert denied,* 489 U.S. 1054, 109 S.Ct. 1315, 103 L.Ed.2d 584 (1989). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bienkowski v. American Airlines,* 851 F.2d 1503, 1504 (5th Cir.1988). If this burden is carried, then the nonmoving party must establish the existence of evidence creating an issue of fact that can be properly characterized as outcome-determinative. Legal conclusions and general allegations do not satisfy this burden. *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1195–96 (5th Cir.1986).

■ In reviewing a grant of summary judgment we are not bound to the grounds articulated by the district court, but may affirm the judgment on other appropriate grounds. *Coral Petroleum, Inc. v. Banque Paribas–London,* 797 F.2d 1351, 1355 n. 3 (5th Cir.1986). In determining which factual issues are material, we examine the substantive law that governs the case. *Bache v. American Telephone and Telegraph Co.,* 840 F.2d 283, 287 (5th Cir.), *cert. denied,* 488 U.S. 888, 109 S.Ct. 219, 102 L.Ed.2d 210 (1988).

The ADEA prohibits employers from discriminating on the basis of age against employees who are between forty and seventy years old. *Thornbrough v. Columbus and Greenville Railway Co.,* 760 F.2d 633, 637 (5th Cir.1985). Since there is no direct evidence of age discrimination in today's case, a three-step analysis applies. First, Hanchey bears the burden of establishing a prima facie case of age discrimination. If she succeeds, the burden of production shifts to Energas to articulate a legitimate, nondiscriminatory reason for its actions. If it does so, then Hanchey bears the burden of proving that Energas's reasons are pretexts for unlawful discrimination. *Bienkowski,* 851 F.2d at 1505, 1508 n. 6.

In the present case, the district court granted summary judgment to Energas as to each of the three steps. Even were Energas not entitled to summary judgment on the issue whether Hanchey had established a prima facie case, Hanchey has not shown that the result reached by the district court was incorrect. Assuming that a genuine issue of material fact as to the prima facie case existed, the district court correctly determined that no genuine issue of material fact existed regarding the dispositive issues: whether Energas articulated legitimate, nondiscriminatory reasons for the actions in question and, if so, whether Hanchey failed to carry her burden of showing that the reasons are pretexts for age discrimination.

In its summary judgment materials, Energas articulated the following reasons for creating the ERP and eliminating Hanchey's position: Management became dissatisfied with the level of its profits; economic conditions in its service area had declined; management had determined that a reduction in its workforce should occur; and Hanchey's superior had determined that Hanchey's position could be eliminated and her duties carried out by the Energas's Lafayette office.

Energas carried its summary judgment burden of showing no genuine issue of material fact regarding its articulation of legitimate, nondiscriminatory reasons for the actions in question. In her opposition, Hanchey did not challenge the conclusion that Energas had articulated legitimate reasons; instead, she took the position that she had established a genuine issue of material fact through her arguments that the reasons are pretexts for unlawful age discrimination.

Such pretexts can be proved either by showing that a discriminatory reason motivated the defendant or by showing that the proffered reason is unworthy of credence. The latter method, however, must extend beyond casting doubt on the reasonableness of the employer's action; otherwise, the law would be converted to a "just cause" provision for the protected class of employees, an effect that Congress clearly did not intend. *Bienkowski*, 851 F.2d at 1505, 1508 n. 6.

Energas met its summary judgment burden of showing that Hanchey could not carry her "pretext" burden. Energas stated that Hanchey had no evidence indicating that elimination of Hanchey's position was based on her age. Energas supported this conclusion with statistics showing that, of the eleven positions eliminated in central Louisiana, seven (including the other marketing specialist's position) were held by employees younger than the minimum age protected by the ADEA.

Hanchey has not carried her burden of showing a genuine issue of fact regarding the pretext issue; she has not shown that a reasonable factfinder could conclude that the reasons given by Energas are pretexts for age discrimination. Hanchey argues that management's determination that profits were too low is unworthy of credence because, nine months after her position was eliminated, Energas bought Western Kentucky Gas Company for $61.5 million. But this factor supports, rather than undermines, management's determination; to make such a large expenditure, a higher level of profit may have been required.

Hanchey contends that Energas has given three shifting, conflicting reasons for eliminating her position, casting doubt on whether any of them are truthful and creating an inference that the real motivation was Hanchey's age. Hanchey's summary judgment materials indicated that Capps said in an affidavit that he was directed to identify positions that could be eliminated without adversely affecting Energas's ability to serve its customers, but that he said in a deposition that the action was taken to conform the Louisiana marketing organization to that of Lubbock, Texas; and he told Hanchey that her position was eliminated because "the down turn in our economy has seriously curtailed building and developing in our service area." Hanchey construes this final reason as an evaluation limited to the Pineville area and argues that Pineville was not, in fact, suffering an economic down turn. But the exhibit offered by Hanchey to support this conclu-

sion does not do so; nothing in the exhibit suggests that Capps was referring to such a limited service area. Hanchey has not argued that the total area served by Energas had not suffered an economic decline.

The reason given by Capps to Hanchey may indicate that the explanation was not complete, but a reasonable factfinder could not conclude that the reasons are conflicting or that they show the reasons articulated by Energas in its summary judgment motion are unworthy of credence. If Energas wanted a higher level of profits, especially in the light of a declining economy in the area served by the company, then a legitimate approach would be to cut personnel in ways that would have the least impact on customers. Conforming the marketing structure in Pineville to Lubbock's is not an unbelievable component in a strategy designed to achieve these overall goals.

Hanchey also maintains that Energas failed to provide objective criteria justifying its conclusions and failed to consult local personnel before deciding to eliminate her position. These arguments may cast doubt on whether Energas had just cause for its decision, but they do not show that a reasonable factfinder could conclude that Energas's reasons are unworthy of credence. *See Bienkowski*, 851 F.2d at 1508 n. 6.

Hanchey argues that the timing of Energas's actions show that their reasons are pretexts. After she was told that her position would be eliminated, Energas gave Hanchey only a few days to decide whether to accept the ERP. This may indicate that Hanchey was constructively discharged, but it does not provide a basis for determining that the reasons for the elimination of Hanchey's position are pretexts. *See Paolillo v. Dresser Industries, Inc.*, 821 F.2d 81, 83–84 (2nd Cir.1987). Hanchey also contends that a reasonable factfinder could conclude that Capps made the decision to terminate her position only after he had learned that she did not intend to select the ERP. Even if this is a reasonable inference from the evidence presented, it does not create a genuine issue whether Energas's reasons are pretexts, especially in the light of the uncontradicted statistical evidence. In addition, if Energas was discriminating against Hanchey because of her age, it may have been less expensive to terminate her before or after the time in which she could elect the ERP.

Finally, Hanchey maintains that she has shown a genuine issue regarding pretext because Energas offered her a different job after she filed the EEOC claim that preceded this lawsuit. In her deposition, Hanchey stated that she was told of the opening before her position was terminated, but the different job was not offered to her at that time. Hanchey has not shown, however, that she expressed an interest in that job or otherwise actively sought it; and subsequent events indicate that she did not; after the job was offered to her, including reinstatement of her benefits, she rejected it. Energas's offer may be indicative of its desire to settle with Hanchey or of its regret about her situation; but it does not show a genuine issue whether the reasons for eliminating her position are unworthy of credence.

Hanchey asks us to discount the elimination of Glenn Laughlin's position. Laughlin was also a marketing specialist, but he was outside the protected age group. Hanchey argues that he would have been terminated anyway because he was incompetent. This argument was mentioned for the first time in a motion for reconsideration. We do not consider this argument because it did not appear in Hanchey's opposition to Energas's summary judgment motion. *See Nissho–Iwai American Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir.1988). Even had we done so, however, it does not show a genuine issue of material fact regarding Hanchey's burden to show pretext; of the ten other employees whose positions were eliminated, six were outside the protected age group, and if Laughlin's position was eliminated because he was incompetent, that would be, viewed in the light most favorable to Hanchey, neutral as to whether her age motivated Energas's decision to eliminate her position.

AFFIRMED.