**Alton MONTGOMERY**

v.

**O.A. "Bob" BROOKSHIRE, Sheriff and/or Ector County, Texas.**

**No. MO–92–CA–107–F.**

United States District Court,
W.D. Texas,
Midland–Odessa Division.

Feb. 23, 1995.

Gerald K. Fugit, Odessa, TX, for plaintiff.

Jack Q. Tidwell, Denis C. Dennis, McMahon, Tidwell, et al., Odessa, TX, for defendants.

## ORDER

FURGESON, District Judge.

On this day, the Court considered the Report and Recommendation of United States Magistrate Judge Louis Guirola, Jr. regarding Defendants' Motion for Summary Judgment. Plaintiff alleges that he was terminated from his position as deputy sheriff in violation of the Age Discrimination and Employment Act. Defendants move for summary judgment on the basis that they have articulated a legitimate, nondiscriminatory reason for Plaintiff's termination, which Plaintiff has failed to show is pretextual. Magistrate Judge Guirola agreed and recommended that Defendants' motion should be granted.

Plaintiff objects to the Report and Recommendation on the basis that there are fact issues as to whether or not Plaintiff was terminated on account of his age. The Defendants insist that Plaintiff was terminated after an episode of insubordination. In response, Plaintiff argues that this reason is a pretext for unlawful age discrimination. However, after reading the supporting affidavits and other evidence, the Court agrees with Magistrate Judge Guirola that Plaintiff's response is "simply insufficient to create a genuine issue of material fact concerning pretext." As noted by the Fifth Circuit in

*Moore v. Eli Lilly & Co.*, 990 F.2d 812, 815–16 (5th Cir.1993),

> To demonstrate pretext, the plaintiff must do more than "cast doubt on whether [the employer] had just cause for its decision"; he or she must "show that a reasonable factfinder could conclude that [the employer's] reason [is] unworthy of credence." Specifically, "[t]here must be some proof that age motivated the employer's action, otherwise the law has been converted from one preventing discrimination because of age to one ensuring dismissals only for just cause to all people over 40." [citations omitted].

Here, Plaintiff has failed to present the Court with proof that age motivated the Defendants' action. Therefore, the Court finds that the Report and Recommendation should be adopted.

It is accordingly ORDERED that the Report and Recommendation of United States Magistrate Judge Louis Guirola, Jr., filed December 16, 1994, is ADOPTED.

It is further ORDERED that Defendants' Motion for Summary Judgment is GRANTED.

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

GUIROLA, United States Magistrate Judge.

BEFORE THIS COURT is the Motion of the defendants, for Summary Judgment pursuant to FED.R.CIV.P. 56(b). Plaintiff has filed a timely response. The case involves a claim of termination based upon age in violation of Title VII of the Civil Rights Act of 1964. A hearing on defendant's motion was conducted on December 12, 1994. After reviewing the pleadings and relevant legal authority and hearing arguments of counsel it appears that defendant's motion is well taken and should be granted.

### FACTS AND PROCEDURAL HISTORY

Plaintiff, Alton Montgomery brings this lawsuit under the Age Discrimination and Employment Act (ADEA). Montgomery was fired from his position as Deputy Sheriff at the age of 59. While plaintiff claims that his

termination was motivated by age discrimination, defendants insist that Montgomery was fired after an episode of insubordination committed in the presence of Sheriff Brookshire.

The district court granted an earlier motion for summary judgment on Plaintiff's claim, finding that Montgomery fell within the "personal staff" exception to the ADEA. This decision was reversed on appeal in *Montgomery v. Brookshire*, 34 F.3d 291 (5th Cir.1994). The present motion suggests that Montgomery was terminated based upon a legitimate nondiscriminatory reason and that plaintiff has failed to produce facts that would create a jury issue on whether defendant's proffered reason for Montgomery's discharge is mere pretext.

## DISCUSSION

■ To sustain an ADEA claim the plaintiff must first establish a *prima facie* case of age discrimination. In this circuit, a prima facie case consists of evidence that a plaintiff: (1) was discharged; (2) was qualified for the position; (3) was within the protected class at the time of discharge; (4) was replaced by someone outside the protected class, or (5) by someone younger, or because of age. *Elliott v. Group Medical & Surgical Service*, 714 F.2d 556, 565 (5th Cir. 1983); *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1504–05 (5th Cir.1988). If the plaintiff succeeds, the burden of production shifts to the defendant to rebut the presumption of discrimination created by the prima facie showing by articulating a legitimate, nondiscriminatory reason for its disparate treatment of the plaintiff. Finally, the plaintiff must prove that the defendant's reasons are pretexts for unlawful discrimination either by showing that a discriminatory reason more likely motivated the defendant or by showing that the defendant's reason is unworthy of credence. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The defendants concede that Montgomery has made a prima facie case of age discrimination. Additionally there is no dispute that Brookshire's articulated reason for Montgomery's termination is a legitimate nondiscriminatory reason. It remains to be determined whether there exist material facts upon which a jury could conclude that Defendant's stated reason for Montgomery's discharge is pretextual.

■ An employer meets its burden of production in employment discrimination cases by proffering admissible evidence of an explanation that would be legally sufficient to justify a judgment for the employer. *Guthrie v. Tifco Industries*, 941 F.2d 374 (5th Cir.1991). Defendants contend that Montgomery was terminated as a result of an incident during which Montgomery stated "If you force me to make a choice, my family comes first, and the Sheriff's Department can go to hell". According to Brookshire's affidavit this statement was tantamount to insubordination and was the sole reason for Montgomery's discharge.

■ Once an employer articulates a legitimate, nondiscriminatory reason for its action the burden shifts to the plaintiff to produce admissible evidence which demonstrates that the employer's reason is pretextual. *Purcell v. Seguin State Bank and Trust Co.*, 999 F.2d 950, 957 (5th Cir.1993). Because the Court is ruling on a summary judgment motion under FED.R.CIV.P. 56, it need not determine whether plaintiff can actually prove pretext, but only whether Montgomery has tendered factual evidence that would lead a jury to reasonably conclude that Brookshire's reason for termination is a pretext for age discrimination. *Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955, 958 (5th Cir. 1993). "The plaintiff can show pretext by introducing evidence which proves that the reason stated by the employer, though facially adequate, was untrue as a matter of fact or was, although true, a mere cover or pretext for illegal discrimination" *Elliott*, 714 F.2d at 566 (5th Cir.1983). Stated another way, the plaintiff may prove pretext by "either showing that a discriminatory reason motivated the defendant or by showing that the proffered reason is unworthy of credence." *Hanchey v. Energas Co.*, 925 F.2d 96 (5th Cir.1990); *see also Moore v. Eli Lilly & Co.*, 990 F.2d 812 (5th Cir.1993). While minimizing its significance, plaintiff does not dispute that the confrontation recounted in Brookshire's affidavit actually occurred.

■ In order to prevail, plaintiff's summary judgment proof must consist of more than a mere refutation of the employer's legitimate nondiscriminatory reason. *Id.* at 815. Plaintiff must do more than cast doubt on the reasonableness of the employer's action; otherwise, the law would be converted to a "just cause" provision for the protected class of employees, an effect that Congress clearly did not intend. *Bienkowski,* 851 F.2d at 1508 (5th Cir.1988); *Hanchey,* 925 F.2d at 98. Moreover, plaintiff's subjective belief that his discharge was based on age is simply insufficient to establish an ADEA claim. *Waggoner v. City of Garland,* 987 F.2d 1160, 1163 (5th Cir.1993).

■ The Court has carefully considered Plaintiff's affidavit in response to Defendant's Motion for summary judgment. Plaintiff's affidavit is in large part speculative, conclusory and based on hearsay statements. The remaining facts are simply insufficient to create a genuine issue of material fact concerning pretext.[1]

### RECOMMENDATION

Having considered the Motion, response, summary judgment evidence, arguments of counsel and the relevant legal authority, the Court is of the opinion that Defendant's Motion is well taken. It is therefore the recommendation of the undersigned U.S. Magistrate Judge that the Motion of the Defendants, O.A. "Bob" Brookshire and Ector County, Texas for Summary Judgment pursuant to FED.R.CIV.P. 56 be **GRANTED**.

Signed this 15th day of December 1994.

---

1. During hearing the defendants correctly pointed out that evidence of pretext alone is not sufficient to make out a claim under the ADEA. *Marcantel v. State of Louisiana, Department of Transportation and Development,* 37 F.3d 197 (5th Cir.1994).

Defendant's motion for summary judgment is based on the absence of pretext evidence and does not extend to the overall failure of plaintiff to present facts which would create genuine issues of material fact regarding plaintiff's ADEA claim. However, assuming arguendo that Defendants articulated reason is pretextual, based on the proffered summary judgment evidence, it is unlikely that plaintiff has produced sufficient facts from which a jury could conclude by a preponderance of the evidence that an unlawful discriminatory intent motivated Brookshire's termination decision.