IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50797
(Summary Calendar)
_____


ELWOOD CLUCK; KRISTINE A. CLUCK;
FIRST CAPITAL MORTGAGE COMPANY,
INCORPORATED,

                                        Plaintiffs-Appellants,


                    versus

RANDOLPH N. OSHEROW, Trustee;
THOMAS WILLIAM MCKENZIE,

                                        Defendants-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(USDC No. SA-95-CV-266)
- - - - - - - - - - -
June 21, 1996
Before WIENER, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:[*]

     Elwood and Kristine Cluck appeal from the Rule 12(b) dismissal of their "independent action in equity."  The Clucks contend, for the first time on appeal, that Judge Garcia should have recused himself in this matter, pursuant to 28 U.S.C. § 455(a) & (b)(1), in light of the judge's <u>sua sponte</u> recusal in a criminal action only

_____

   [*]  Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

days after the instant suit was filed. Assuming this issue is reviewable, Judge Garcia's failure to recuse himself from this proceeding did not constitute error, plain or otherwise. See United States v. York, 888 F.2d 1050, 1055 (5th Cir. 1989). The Clucks' allegations that an earlier judgment, now final, was obtained by fraud were raised in a previous proceeding before this court and rejected. The issue is, thus, precluded by the doctrine of collateral estoppel. Ashe v. Swenson, 397 U.S. 436, 443 (1970); McDuffie v. Estelle, 935 F.2d 682, 685 (5th Cir. 1991). Although the court may not sanction parties pursuant to 28 U.S.C. § 1927, the district court properly imposed sanctions pursuant to its inherent powers. Browning v. Kramer, 931 F.2d 340, 344 (5th Cir. 1991) (court may not sanction parties under § 1927); Hanchey v. Energas Co., 925 F.2d 96, 97 (5th Cir. 1990) (appellate court may affirm district court's decision on alternative grounds); Boland Marine & Mfg. Co. v. Rihner, 41 F.3d 997, 1005 (5th Cir. 1995)(recognizing federal court's inherent power to sanction parties).

Osherow requests that this court sanction the Clucks pursuant to Fed. R. App. P. 38 for unwisely and imprudently pursuing an appeal of the district court's dismissal. We previously warned the Clucks that any further frivolous appeals in this court would result in the imposition of sanctions. Cluck v. Osherow, Nos. 95-50611, 50613, & 50614, slip op. at 3 (5th Cir. June 7, 1995) (unpublished). The instant appeal is frivolous. The result is

2

obvious, and the arguments of error are wholly without merit. Coghlan v. Starkey, 852 F.2d 806, 811 (5th Cir. 1988); see also Clark v. Green, 814 F.2d 221, 223 (5th Cir. 1987) (a frivolous appeal is one in which the claim advanced is unreasonable or is not brought with a reasonably good faith belief that it is justified). Given the prior sanction warning and the Clucks' clear inclination to pursue additional frivolous actions, we impose sanctions in the amount of the appellees' costs and attorneys' fees incurred during this appeal. Accordingly, the appellees are directed to submit to this court their application for costs and attorneys' fees incurred during this appeal, together with supporting documents, prior to the issuance of the mandate in this case. See Fed. R. App. P. 41.

The judgment of the district court is AFFIRMED. SANCTIONS IMPOSED.