Aaron **ROBERTS**, Plaintiff,

v.

**WILLOW DISTRIBUTORS, INC.,** Defendant.

Civil Action No. 3:96–CV–2308–G.

United States District Court, N.D. Texas, Dallas Division.

June 30, 1997.

Aaron Roberts, Carrollton, TX, pro se.

John F. McCarthy, Jr., Michael Scott McDonald, Littler Mendelson Fastiff Tichy & Mathiason, Dallas, TX, for Willow Distributors Inc.

### MEMORANDUM ORDER

FISH, District Judge.

Before the court is the motion of the defendant Willow Distributors, Inc. ("Willow") for summary judgment. For the reasons set forth below, the motion is granted on the plaintiff's claims under federal law. His remaining claims, governed exclusively by state law, are remanded to the state district court.

### I. BACKGROUND

The plaintiff Aaron Roberts ("Roberts"), who is African–American, began work at Willow on August 23, 1994 in the position of delivery assistant. Plaintiff's Original Petition ("Petition") at 3; Affidavit of Jeff Knight ("Knight Affidavit") at 2, attached as Exhibit 2 to Defendant's Motion for Summary Judgment and Supporting Brief ("Motion"). In November of 1994, Roberts was promoted to the position of merchandiser, which required

him to visit stores within a designated area to stimulate sales of beverages marketed by Willow. Knight Affidavit at 1–2.

On April 17, 1995, Roberts received a written reprimand for insubordination and belligerence towards his supervisor, Jerry Hernandez ("Hernandez"). Affidavit of Jerry Hernandez ("Hernandez Affidavit") at 1–2, attached as Exhibit 3 to Motion. On June 23, 1995, Roberts was reprimanded for ignoring a supervisor's directive to complete his merchandiser's incentives for May, 1995. Id. at 2. Willow also received complaints about Roberts' careless driving, poor attitude, and lack of customer support. Id.

In August of 1995, Roberts requested that he be transferred to his former position of delivery assistant, which involved a reduced salary and more strenuous manual labor. Knight Affidavit at 3. According to Willow, because of the various disciplinary problems it had experienced with Roberts, it denied his transfer request. Id.

On October 21, 1995, Willow received a complaint from Joseph Hakemy of Ace E–Z Way Store that Roberts had been involved in a shouting confrontation with one of the store's employees. Hernandez Affidavit at 2. Roberts had been asked to leave the store and not to return. Id. On October 24, 1995, Hernandez terminated Roberts's employment. Id.

On March 12, 1996, the Texas Employment Commission ("TEC") found that Roberts "[held] a position that is specifically exempted from the overtime provisions of the Fair Labor Standards Act" and that he was not entitled to his claimed amounts of vacation pay, unpaid wages, unpaid bonuses, and overtime. TEC Preliminary Wage Determination Order at 1, attached as Exhibit 4 to Motion. On April 15, 1996, the Equal Employment Opportunity Commission ("EEOC") notified Roberts that it had found insufficient evidence of discrimination against him by Willow. EEOC Notice of Right to Sue, attached as Exhibit 5 to Motion.

Roberts filed this suit in a state district court on July 23, 1996, alleging that Willow (1) breached his employment contract; (2) violated the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq.* ("the FLSA"), by failing to pay him overtime; (3) denied him a transfer, retaliated against him, and terminated him because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and (4) was grossly negligent in refusing to transfer him. Petition at 2–3. On August 15, 1996, Willow removed the case to this court on the basis of federal question jurisdiction. Notice of Removal at 1–2.

Willow now moves for summary judgment on the grounds that (1) no contract of employment existed between Willow and Roberts; (2) Roberts fails to state a claim for relief under the FLSA and is not protected by the FLSA; (3) Roberts's Title VII claims are untimely filed; (4) no genuine issues of material fact exist as to Roberts's Title VII claims; and (5) Roberts has failed to state a claim of gross negligence. Motion at 2, 10–11. Roberts, who is *pro se,* has not responded to Willow's motion.

## II. *ANALYSIS*

### A. *Evidentiary Burdens on Motion for Summary Judgment*

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c).[1] "The substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The movant makes such a showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. See *Celotex Corporation v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Once the movant makes this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 323–24, 106 S.Ct. at 2552–53. He must show that the

evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11.

Willow is not automatically entitled to summary judgment as a result of Roberts's failure to respond to its motion. *John v. State of Louisiana (Board of Trustees for State Colleges and Universities),* 757 F.2d 698, 707 (5th Cir.1985). If the movant fails to discharge its initial burden, the nonmovant need not respond at all. *Id.* at 708. However, if the movant has met its burden under Rule 56, "the nonmovant cannot survive the motion by resting on the mere allegations of [his] pleadings." *Isquith for and on Behalf of Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied,* 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988). Although the court is not permitted to enter a "default" summary judgment by virtue of Roberts's failure to respond, it may accept as undisputed the facts so listed by Willow in support of its motion. *Eversley v. MBank Dallas,* 843 F.2d 172, 174 (5th Cir.1988). Summary judgment is appropriate if the nonmovant fails to set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial. *Topalian v. Ehrman,* 954 F.2d 1125, 1132 (5th Cir.), *cert. denied,* 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992); see also *Little v. Liquid Air Corporation,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (once movant for summary judgment meets burden imposed by Rule 56, nonmovant must go beyond pleadings and designate specific facts showing that there is a genuine issue for trial).

### B. *Roberts's Claims*

#### 1. *Violation of the FLSA*

Construed liberally, Roberts's petition alleges that he was denied overtime compensation in violation of the FLSA. Petition at 2.

The FLSA provides that "no employer shall employ any of his employees. for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above

---

1. The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company,* 780 F.2d 1190, 1197 (5th Cir.1986).

sp⸱cified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Specifically excluded from this provision are employees who work in the capacity of "outside salesman." 29 U.S.C. § 213(a)(1). The term "outside salesman" is defined as any employee who (1) is employed for the purpose of and who is customarily and regularly engaged away from his employer's place of business in (a) making sales or (b) obtaining orders or contracts for services or for the use of facilities, and (2) does not perform work other than this for more than twenty percent of the hours worked by nonexempt employees of the employer. 29 C.F.R. § 541.5.

■ Assuming *arguendo* that Roberts's allegation of a violation of the FLSA meets the requirements of FED. R. CIV. P. 8,[2] the court concludes that Willow has met its burden of showing that the work Roberts performed as a merchandiser qualifies him as an "outside salesman" and thus exempts him from the overtime provisions of the FLSA. See *Smith v. City of Jackson, Mississippi*, 954 F.2d 296, 298 (5th Cir.1992) (burden of proving applicability of claimed exemption from FLSA is on employer); see also 29 C.F.R. § 541.504 ("[A]ny promotional work which is actually performed incidental to and in conjunction with an employee's own outside sales or solicitations is clearly exempt work.").

Accordingly, Willow is entitled to summary judgment on Roberts's FLSA claim.

### 2. Violations of Title VII

Roberts's petition alleges that Willow racially discriminated against him by denying him a transfer which was given to white employees and by discharging him in retaliation for his complaints about not receiving his transfer. Petition at 3.

Since the record in this case contains no direct evidence of race discrimination, a three-step analysis applies. See *Hanchey v. Energas Company*, 925 F.2d 96, 97 (5th Cir. 1990); see also *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506–12, 113 S.Ct. 2742, 2746–50, 125 L.Ed.2d 407 (1993); *Texas De-*

*partment of Community Affairs v. Burdine*, 450 U.S. 248, 252–56, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–26, 36 L.Ed.2d 668 (1973). In the first step, Roberts bears the burden of establishing a *prima facie* case of race discrimination, and if he does so, a presumption of discrimination arises. *Hanchey*, 925 F.2d at 97; see also *Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955, 957 (5th Cir.1993). In the second step, Willow can rebut this presumption by articulating a legitimate, nondiscriminatory reason for its actions. *Id.* In the third step, Roberts bears the burden of persuasion to show that Willow's reasons were not the true reasons for its actions *and* that discrimination was. *Bodenheimer*, 5 F.3d at 957 (emphasis in original).

■ The court will assume, for purposes of this motion, that Roberts has established a *prima facie* case of discrimination. Willow has articulated legitimate, nondiscriminatory reasons for its decisions to deny Roberts a transfer and terminate his employment, *viz.*, his poor work performance and belligerent behavior. Knight Affidavit at 3; Hernandez Affidavit at 2. Therefore, to prove the violations of Title VII which he alleges, Roberts "must, at 'a new level of specificity,' prove that the employer's articulated explanation of its conduct is probably pretextual." *Moore v. Eli Lilly and Company*, 802 F.Supp. 1468, 1471 (N.D.Tex.1992) (quoting *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983)), *aff'd*, 990 F.2d 812, 816 & n. 24 (5th Cir.), *cert. denied*, 510 U.S. 976, 114 S.Ct. 467, 126 L.Ed.2d 419 (1993); see also *St. Mary's*, 509 U.S. at 515–16, 113 S.Ct. at 2751–52; *Portis v. First National Bank of New Albany, Ms.*, 34 F.3d 325, 328 & n. 7 (5th Cir.1994); *Bodenheimer* 5 F.3d at 957; *Waggoner v. City of Garland*, 987 F.2d 1160, 1166 (5th Cir.1993).

The court concludes that, even when all inferences are drawn in Roberts's favor, his allegations fail to raise a fact issue as to

---

**2.** FED. R. CIV. P. 8 requires that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim

showing that the pleader is entitled to relief, and ... a demand for judgment for the relief the pleader seeks."

whether the reasons articulated by Willow for its actions are mere pretexts for race discrimination. See *Thornton v. Neiman Marcus,* 850 F.Supp. 538, 544 (N.D.Tex.1994) (to avoid summary judgment, the plaintiff must offer more than the subjective belief of himself and others that he was a victim of discrimination); see also *Ray v. Tandem Computers, Inc.,* 63 F.3d 429, 436 (5th Cir. 1995) (plaintiff alleging retaliation must prove that "but for" his complaints of discrimination, he would not have been discharged); *Jack v. Texaco Research Center,* 743 F.2d 1129, 1131(5th Cir.1984) (same). Nor has Roberts raised a fact issue as to pretext by alleging that white employees were transferred from the position of merchandiser to the position of delivery assistant. Petition at 3; see *Smith v. Wal–Mart Stores (No.471),* 891 F.2d 1177, 1180 (5th Cir.1990) (plaintiff may prove discrimination by showing that other employees, not in his protected class but otherwise similarly situated, were better treated). To the contrary, the uncontroverted evidence reveals that "no employees, of any race, have been granted a transfer in circumstances comparable to Roberts" and "no employee, other than . . . Roberts, . . . ever requested a demotional transfer." Knight Affidavit at 4.

Accordingly, Willow is entitled to summary judgment on Roberts's Title VII claims.

### 3. *State Law Claims*

Federal court jurisdiction exists over an entire action, including state law claims, when the federal and state law claims " 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.' " *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 349, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988) (quoting *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)). Yet a federal court's exercise of jurisdiction over state law claims is a "doctrine of discretion. . . ." *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139. Consequently, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie–Mellon,* 484 U.S. at 350, 108 S.Ct. at 619.

When the federal claims are dismissed before trial and only state law claims remain, the balance of factors to be considered weigh heavily in favor of declining jurisdiction; therefore, the federal court should usually decline the exercise of jurisdiction over the remaining claims. *Id.* at n. 7. According to the Fifth Circuit, "[o]ur general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Industries,* 972 F.2d 580, 585 (5th Cir.1992) (citing *Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir.1989)).

In the instant case, summary judgment has been awarded to Willow on Roberts's federal claims, and only state law claims remain. Because the federal claims have been dismissed before trial, the factors of judicial economy, convenience, fairness, and comity suggest that this court should decline jurisdiction over these remaining claims. See 28 U.S.C. § 1367(c)(3).

### III. *CONCLUSION*

For the reasons set forth above, the court concludes that Roberts has failed to raise a genuine issue of material fact with regard to his FLSA and Title VII claims. Accordingly, Willow's motion for summary judgment on Roberts's federal claims is **GRANTED.** In addition, the remaining claims against Willow, all of which are governed exclusively by state law, are **REMANDED** to the 191 st Judicial District Court of Dallas County, Texas, from which they were previously removed.

The clerk shall mail a certified copy of this memorandum order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED.**