IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10565
Summary Calendar
_____


AARON WESLEY,

                                             Plaintiff-Appellant,

versus

B. WILKINSON, Law Library
Supervisor; A. Milbern,
Mailroom Supervisor,

                                             Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:99-CV-200-R
--------------------
October 3, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Aaron Wesley, Texas prisoner # 538092, has filed a motion

for leave to proceed in forma pauperis (IFP) on appeal following

the district court's dismissal as frivolous of his 42 U.S.C.

§ 1983 complaint based on its being repetitive litigation.  By

moving for IFP status, Wesley is challenging the district court's

certification that IFP status should not be granted on appeal

because his appeal is frivolous and is not taken in good faith.

See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The record does not support the district court's determination that Wesley's instant complaint constitutes repetitive litigation.  The district court erred in certifying that Wesley was not entitled to proceed IFP on appeal.  Therefore, Wesley's motion to proceed IFP on appeal is GRANTED.

However, the dismissal of the complaint can be affirmed on other grounds.  See Hanchey v. Energas Co., 925 F.2d 96, 97 (5th Cir. 1990).  The dismissal of Wesley's complaint as frivolous was not an abuse of discretion because Wesley failed to allege facts to support an arguable claim that the defendants prejudiced his First Amendment rights.  See Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993).

The affirmance of the district court's dismissal of Wesley's complaint as frivolous counts as his second "strike" for purposes of 28 U.S.C. § 1915(g).[**]  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Wesley is further warned that if he accumulates three "strikes" pursuant to § 1915(g), he may not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

Wesley's requests for injunctive relief, for the appointment of counsel, and for an award of attorney's fees are DENIED.

IFP GRANTED; AFFIRMED; SANCTIONS WARNING GIVEN.

---

[**] The dismissal of Wesley v. Webb, Civil Action NO. 2:97-CV-429 (N.D. Tex. 1998) as frivolous also counts as a strike.