# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2010

No. 10-30440
Summary Calendar

Lyle W. Cayce
Clerk

JOHNNY JOHNSON,

Plaintiff-Appellant,

v.

DAVID WADE CORRECTIONAL FACILITY; VENETIAL MICHAELS,
Individually and in her official capacity as Warden, David Wade Correctional
Facility,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CV-903

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant, Johnny Johnson (Johnson), sued David Wade Correctional
Facility (DCWF) and Venetia Michaels[1] (Michaels), both in her official capacity
as Warden of DCWF and in her individual capacity, alleging claims under Title
VII, 42 U.S.C. §§ 1981, 1983, 1985, 1986 and the Equal Protection Clause of the

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in Fifth
Circuit Rule 47.5.4.

[1] Defendant's name is properly spelled "Venetia" not "Venetial" as it appears in the
caption of the case.

the United States Constitution. Johnson now appeals the district court's summary judgment as to his Title VII claim for non-promotion based on race.[2] Johnson argues that the district court erred in finding that he did not offer sufficient evidence to create a fact issue as to whether DCWF and Michaels's stated legitimate, nondiscriminatory reasons for not promoting Johnson were mere pretext for race-based discrimination. Johnson has failed to demonstrate that Appellees' stated nondiscriminatory reasons were mere pretext; thus, we AFFIRM.

This case concerns employment-related, race-based claims of discrimination. At the time of the events leading to this suit, and currently, Johnson is a Facility Assistant Maintenance Manager 2 in the Maintenance Division at DWCF. The highest position within the Maintenance Division at DWCF is the Facility Maintenance Manager 4 position. Johnson's primary claim, and the only claim that he argues on appeal, is that Appellees have repeatedly not promoted him because he is African-American. Specifically, Johnson alleges that Appellees failed to promote him for race-based, discriminatory reasons on three occasions: March of 2006, July of 2006, and August of 2008.[3]

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hanchey v. Energas Co.*, 925 F.2d 96, 97 (5th Cir. 1990). In evaluating a summary-judgment motion, the district court

---

[2] In the district court, Johnson also claimed that defendants were responsible for exposing him to a hostile work environment, conspiring to deprive him of equal protection under the law, and retaliating for activity protected under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. Insofar as Johnson has raised these claims on appeal, he has failed to adequately brief them; therefore, they are deemed waived. *See U.S. v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

[3] Johnson filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC) related to each non-promotion incident.

No. 10-30440

must draw all reasonable inferences in favor of the non-moving party. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 189 (5th Cir. 1991). We review a district court's summary judgment *de novo. Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 608 (5th Cir. 1998).

Before turning to the merits of Johnson's claims, we first address their timeliness. A claimant must file a Title VII discrimination claim with the EEOC within 300 days of the alleged discriminatory act. *See Frank v. Xerox Corp.*, 347 F.3d. 130, 136 (5th Cir. 2003). We agree with the district court's conclusion that Johnson did not timely file such claims with respect to the non-promotions of March and July 2006. Thus, the claims arising from these non-promotions are time barred. In addition, all of his Title VII claims cannot survive summary judgment on the merits.

To survive a summary-judgment motion, the plaintiff must first present a *prima facie* case of discrimination.[4] *Patel v. Midland Memorial Hosp. & Med. Ctr.*, 298 F.3d 333, 342 (5th Cir. 2002). "An employee can prove discrimination through direct or circumstantial evidence." *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005). Cases of discrimination based on circumstantial evidence are subject to the *McDonnell Douglas* burden-shifting analysis. *See Meinecke v. H & R Block of Houston*, 66 F.3d 77, 83 (5th Cir. 1995) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). If established, a *prima facie* case raises an inference of discrimination, and the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its adverse decision. *Patel*, 298 F.3d at 342. If the defendant presents such a reason, then the inference disappears, and the plaintiff must offer evidence that the proffered reason is a pretext for racial discrimination. *Id.*

---

[4]65   For a *prima facie* case of racial discrimination, a plaintiff must prove that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was not promoted; and (4) either the position was filled by someone not in the protected class, or the person was not promoted because of his race. *See Rutherford v. Harris County, Texas*, 197 F.3d 173, 179 (5th Cir. 1999).

No. 10-30440

We assume *arguendo* that Johnson has established a *prima facie* case of discrimination, and thus, focus on whether Johnson established that Appellees' proffered reasons for failing to promote him were pretext for racial discrimination.

We first address the March 2006 and August 2008 promotions. The legitimate reason proffered by the Appellees for not promoting Johnson in both instances was that there was a better candidate. We have acknowledged that "choosing some other candidate because he is the best-qualified individual for the job is generally a legitimate, nondiscriminatory reason for an adverse employment decision." *Patrick v. Ridge*, 394 F.3d 311, 318 (5th Cir. 2004). Johnson argues that in both instances his application materials evince that he was clearly a better candidate than the individual ultimately selected. However, as the district court observed, a comparison of the application materials submitted by Johnson and the applicants who were hired does not indicate that Johnson was clearly better qualified. Rather, the application materials, at best, merely indicate that Johnson and the individuals hired had a similar amount of management experience. We have held that merely "[s]howing that two candidates are similarly qualified does not establish pretext." *Price v. Federal Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002).

We next address the Maintenance Manager 3 position that Johnson applied for in July of 2006. Appellees indicate that due to institutional needs this position was converted to a plumber/ pipe fitter foreman position prior to any applicant being selected for the job. Johnson offers absolutely no evidence that Appellees' proffered nondiscriminatory reason, that is, the position was converted for institutional needs, was mere pretext for racial discrimination. Rather than present evidence, Johnson relies solely on his subjective beliefs that discrimination has occurred. We have held that "a plaintiff cannot merely rely on his subjective belief that discrimination has occurred" to demonstrate pretext. *Price v. Marathon Cheese Corp.*, 119 F.3d 330, 337 (5th Cir. 1997).

4

No. 10-30440

Taken as a whole, the arguments and evidence relied upon by Johnson fail to create a fact issue as to whether Appellees' nondiscriminatory reasons for failing to promote Johnson in 2006 and 2008 were mere pretext for race-based discrimination. The judgment of the district court is therefore AFFIRMED.