# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2013

Lyle W. Cayce
Clerk

No. 12-30477
Summary Calendar

ELLIS DEES,

Plaintiff-Appellant

v.

UNITED RENTALS NORTH AMERICA, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-547

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

This matter arises under the Age Discrimination in Employment Act of 1967 ("ADEA") and Title VII of the Civil Rights Act of 1964.  Plaintiff-Appellant Ellis Dees appeals the district court's order granting summary judgment in favor of Defendant-Appellant United Rentals North America, Inc.  For the reasons that follow, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30477

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant-Appellant United Rentals North America, Inc. ("United Rentals") is in the business of renting, selling, and servicing construction equipment throughout the United States. In September 2000, United Rentals hired Plaintiff-Appellant Ellis Dees—an African-American man—to work at its San Diego, California location. In September 2001, Dees was promoted to service technician. In this position, he maintained and repaired the equipment that United Rentals rented to customers.

In Fall 2006, Dees voluntarily resigned and moved to northwestern Florida to be closer to his family. Several weeks after moving, he re-applied to United Rentals for employment at its Gulfport, Mississippi location, and was offered a service technician position in St. Rose, Louisiana. Branch Manager Mike Sauve made the decision to make the offer, which Dees accepted.

Although the first two years of Dees' employment in St. Rose went smoothly, United Rentals contends that his attitude and work performance deteriorated beginning in 2009. Specifically, it alleges that he began, with increasing frequency, to mark equipment as fit to be rented even though it was not in working order. Dees' managers—Sauve and Lee Vincent—coached him when these incidents occurred, and noted them in his 2009 mid-year and full-year performance reviews. Dees was also given written warnings in August 2009, October 2009, February 2010, and March 2010. Dees was given a "final written warning" on March 4, 2010, advising him that "the next incident will result in immediate termination." Following a further incident six days later, Sauve and Vincent told Dees that he was fired. Dees was sixty-two years old at the time of his termination.

Dees filed a charge with the Equal Employment Opportunity Commission, alleging employment discrimination based on his race and age. After receiving a "right to sue" notice, he filed suit in the United States District Court for the

No. 12-30477

Eastern District of Louisiana. United Rentals filed a motion for summary judgment, which the district court granted on March 29, 2012. Dees timely appealed.

## II. DISCUSSION

### A.    Legal Standards

We review a grant of summary judgment de novo. *Ibarra v. United Parcel Serv.*, 695 F.3d 354, 355 (5th Cir. 2012). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hanchey v. Energas Co.*, 925 F.2d 96, 97 (5th Cir. 1990) (citation omitted). We view all facts and evidence in the light most favorable to the nonmoving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

Title VII prohibits employers from discriminating based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). The ADEA makes it "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Where, as here, a plaintiff only relies on circumstantial evidence, we apply the framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) for both Title VII and ADEA claims. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (Title VII); *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (ADEA). Pursuant to that framework, Dees first must make a prima facie case of discrimination based on age or race. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011); *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). To establish a prima facie case, Dees must show that he: (1) was a

3

member of a protected group; (2) qualified for the position in question; (3) was subjected to an adverse employment action; and (4) received less favorable treatment due to his membership in the protected class than did other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745*, 660 F.3d 211, 213 (5th Cir. 2011); *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003). As to his age discrimination claim, Dees can satisfy the fourth prong by showing that "he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Rachid*, 376 F.3d at 309 (citation omitted).

If Dees makes a prima facie case, the burden then shifts to United Rentals to "articulate a legitimate, non-discriminatory reason for firing" him. *Vaughn*, 665 F.3d at 636. If it does so, Dees must, as to his Title VII claim, "offer sufficient evidence to create a genuine issue of material fact either (1) that [United Rentals'] reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that [United Rentals'] reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is [Dees'] protected characteristic (mixed-motives alternative)." *Id.* (citation omitted). As to his ADEA claim, Dees "may show pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Moss*, 610 F.3d at 922 (internal quotation marks and citation omitted). Unlike Title VII, it is insufficient under the ADEA to show that discrimination was a motivating factor; Dees must show that age was the "but for" cause of the challenged adverse employment action. *Id.* at 928 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 173-78 (2009)).

**B.     Title VII and ADEA Claims**

The district court assumed, without deciding, that Dees established a prima facie case of discrimination under Title VII and the ADEA. The district

court then determined that United Rentals had provided extensive evidence of a legitimate, non-discriminatory reason for Dees' termination—namely, unsatisfactory job performance. The evidence United Rentals provided included numerous verbal and written warnings, as well as a final written warning that "the next incident would result in immediate termination." The evidence also showed that an additional incident occurred less than a week after the final written warning when United Rentals delivered a piece of equipment that did not operate as a result of Dees alleged failure to properly service the equipment's batteries. Because United Rental had submitted a legitimate, non-discriminatory reason for discharging Dees, the burden shifted back to Dees to produce evidence that United Rentals' reason was a pretext for discrimination. The district court concluded that Dees had only made conclusory allegations that he was discriminated against and that United Rentals made the wrong decision in firing him. Taking note of the complete lack of evidence of discriminatory conduct, the district court granted United Rentals' motion for summary judgment.

On appeal, Dees only argues that the district court (1) incorrectly focused on his entire work record, instead of restricting its analysis to the actual incident resulting in his termination; and (2) erred in characterizing him as challenging United Rentals' business decision. United Rentals responds that Dees has not submitted evidence that his discharge was motivated by his race or age. United Rentals adds that Dees' termination was supported by repeated performance lapses. Finally, United Rentals contends that Dees has done no more than argue that he is not guilty of the offense leading to his discharge and that this is insufficient to show pretext.[1]

---

[1] The parties spar over the applicability of the "same actor" inference. "The 'same actor' inference arises when the individual who allegedly discriminated against the plaintiff was the same individual who hired the plaintiff and gives rise to an inference that discrimination was

No. 12-30477

We agree with the district court that Dees failed to submit any evidence of discrimination and that this is fatal to his claims under Title VII and the ADEA. As did the district court, we assume that Dees has established a prima facie case of discrimination based on his race or age. We also assume *arguendo* that the proper focus for our analysis should be the final decision that resulted in Dees' termination. In so doing, we take note that Dees does "*not* dispute the early [Disciplinary] Notices, *nor* criticize [United Rentals'] business judgment." Even so, Dees' claims must fail.

His termination notice states that he was terminated for failing to follow United Rentals' policy of ensuring that the batteries in rental equipment were in good working order prior to delivery of the equipment. Dees contends that there was no notice of a policy requiring "double checking" or "re-checking" batteries, and that United Rentals' practice in this area was inconsistent. Although such evidence may show that United Rentals failed to clearly enunciate the steps necessary to perform a final battery check, it does not show that this was not the reason for which United Rentals terminated him. Dees states that he has "raised a material issue whether he was responsible for the bad battery," but whether or not United Rentals' policy made him responsible for the battery does not show that Sauve and Vincent did not consider him responsible under such a policy. *See Turner*, 476 F.3d at 346 (defendant's failure to follow own policies is not probative of discriminatory intent under Title VII where plaintiff failed to show that she was treated differently than other non-minority employees). That Sauve and Vincent may have exercised poor judgment, or even erred in this regard, is not at issue. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995) ("The question is not whether an

---

not the motive behind plaintiff's termination." *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 228 n.16 (5th Cir. 2000). The district court did not include the same actor inference as a ground for its decision and we find it unnecessary to address that argument here.

employer made an erroneous decision; it is whether the decision was made with discriminatory motive."); *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010) ("[Plaintiff's] assertion of innocence alone does not create a factual issue as to the falsity of [Defendant's] proffered reason for terminating him."). Consequently, Dees has, at best, only raised a genuine dispute as to a non-material fact, and summary judgment will not be denied on this basis.

Additionally, Dees has presented nothing to tie United Rentals' final termination decision to a discriminatory motive. Dees' concession that he is not challenging the earlier disciplinary notices constrains the opportunities United Rentals had to discriminate against him. Dees himself describes United Rentals as motivated by an "I ain't missing no rents" philosophy that encouraged renting out equipment regardless of its readiness. No evidence shows that United Rentals' philosophy also included discriminating against African-Americans or senior workers. Similarly, no evidence demonstrates that United Rentals' decision to discharge Dees was motivated by his race or age. Indeed, Dees' appellant brief does not so much as mention race or age, except for describing his complaint as alleging race and age-based discriminatory discharge. Dees' subjective belief that United Rentals discriminated against him is clearly insufficient to demonstrate pretext. *See Price v. Marathon Cheese Corp.*, 119 F.3d 330, 337 (5th Cir. 1997).

### III. CONCLUSION

For the reasons set forth above, we AFFIRM the district court's grant of summary judgment in United Rentals' favor.