# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10378
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2014

Lyle W. Cayce
Clerk

EDDIE RAMOS,

Petitioner-Appellant

v.

RODNEY W. CHANDLER, Warden - FCI Fort Worth,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-168

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Eddie Ramos, federal prisoner # 99563-280, appeals the denial of his 28 U.S.C. § 2241 petition, in which he challenges the denial of early release after his successful completion of the Bureau of Prison's (BOP's) Residential Drug Abuse Program.  Ramos contends that he was denied early release on the basis of a 26-year-old aggravated assault conviction and argues that the BOP's regulation that categorically excludes inmates from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10378

eligibility for early release based on any prior enumerated conviction, regardless of age, violates the Administrative Procedure Act (APA).

We review the district court's factual findings for clear error and issues of law de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Every federal prisoner with a substance abuse problem has the opportunity to participate in substance abuse treatment, and the BOP, subject to the availability of appropriations, must provide residential substance abuse treatment for eligible prisoners. 18 U.S.C. § 3621(e)(1). Prisoners convicted of nonviolent offenses who successfully complete a treatment program are eligible for a reduction in sentence for a term not to exceed one year. § 3621(e)(2)(B).

Under 28 C.F.R. § 550.55(b)(4)(iv) (2009), however, prisoners who have a prior conviction for aggravated assault are deemed ineligible for § 3621(e) early release. Ramos insists that a stale conviction cannot be used as a basis for declaring him ineligible for early release. In *Handley v. Chapman*, 587 F.3d 273, 282 (5th Cir. 2009), however, we upheld § 550.55(b) and determined that the BOP's rationale for categorical exclusion did not violate the APA. We therefore affirm the district court's judgment, albeit on alternative grounds. *See Hanchey v. Energas Co.*, 925 F.2d 96, 97 (5th Cir. 1990).

AFFIRMED.